NOEL B. MONAHAN & another[1] vs. TIMOTHY F. WASHBURN, executor, & others.[2]

Worcester. March 3, 1987. — May 28, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Dismissal, Judicial discretion, Continuance.

In a medical malpractice case in which the plaintiff, due to legitimate illness, was unable to be present on the day trial commenced and requested a continuance, dismissal of the complaint with prejudice for want of prosecution was an inappropriate penalty, where the defendants had not shown they would have been prejudiced by a continuance and where the judge apparently considered no alternative sanction. [128-129] HENNESSEY, C.J., concurring.

In a civil action in which a judge properly and within his discretion entertained and decided on the merits a motion for a continuance, this court declined to consider whether the affidavit submitted in support of the motion failed to comply with Mass. R. Civ. P. 40 (c), in the absence of a hearing or finding on that issue by the motion judge. [129-130]

CIVIL ACTION commenced in the Superior Court Department on September 11, 1981.

The case was heard by *Ernest S. Hayeck,* J., on a motion to dismiss.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Carroll Ayers* for the plaintiffs.

*George W. Marion* for Cooley Dickinson Hospital.

NOLAN, J. The sole issue on this appeal is whether the dismissal of plaintiffs' complaint for want of prosecution was an appropriate sanction where the principal plaintiff (Mona-

---

[1] Karen Monahan, his wife.

[2] Timothy F. Washburn is executor of the estate of Dr. David B. Jennison. The remaining defendants are Northampton Surgical Associates, Inc., and Cooley Dickinson Hospital.

han), for medical reasons, was unable to be present in the courtroom on the scheduled date for the trial of his medical malpractice action. The Appeals Court, pursuant to its rule 1:28 (summary disposition), issued an order vacating and reversing the dismissal, and remanding the case for further proceedings. 23 Mass. App. Ct. 1103 (1986). We allowed the application of the defendant, Cooley Dickinson Hospital, for further appellate review. We reverse the judgment of dismissal.

Noel B. Monahan (his wife is also a plaintiff but we refer to Monahan in the singular hereinafter) commenced this action in September, 1981, alleging that the defendants treated him negligently for head injuries he sustained in an automobile accident three years earlier. The case was first called for trial on February 27, 1985. After several continuances granted at the request of both Monahan and the defendants, the trial date was set for January 21, 1986. On January 17, 1986, Monahan's counsel moved for another continuance. The motion was accompanied by a memorandum, an affidavit of counsel, and a letter dated January 16, 1986, from Monahan's physician, Dr. Timothy Rowe, chief of the Mental Health Clinic of the Northampton Veterans' Administration Medical Center. Dr. Rowe stated that Monahan "is totally emotionally disabled by Post Traumatic Stress Disorder incurred during combat in Vietnam. He is in continuous and intensive treatment in our Mental Health Clinic here . . . . His emotional condition is highly unstable and I do not feel he is capable of withstanding the emotional stress of a legal proceeding at this time that will revive very painful memories of injury and death. His involvement now could seriously jeopardize his marginal adjustment and result in a psychiatric hospitalization. I recommend that he have a period of at least three months to stabilize before becoming re-involved in this case." According to counsel's memorandum, the defendants were aware of Monahan's medical history. In fact, the central issue in dispute was whether Monahan's disability resulted from his Vietnam experiences or the alleged negligence of the defendants. Monahan's testimony (counsel argued) was, therefore, indispensable to his prima facie case. Moreover, Monahan had only sought one

previous continuance due to a scheduling problem of an expert witness.

Counsel's affidavit stated that he had first learned of Dr. Rowe's concern on the previous day which was Thursday, January 16. He apparently attempted to have the motion heard on the next day, but because of the unavailability of the motion judge, he was unable to do so. The court was closed the following Monday, January 20, in observance of Martin Luther King Day. The motion was therefore not heard until Tuesday, January 21, the day assigned for trial. The motion judge denied the motion. The case was then called to trial by the trial judge. Counsel informed the trial judge that he was unable to proceed in Monahan's absence. The defendants requested that the case be dismissed with prejudice. The judge allowed the motion to dismiss with prejudice. On February 3, 1986, Monahan filed a motion for relief from judgment. This was also denied a few days later by the motion judge. Monahan appealed the dismissal of his complaint and the denial of his motion for relief from judgment.

The instant case involves the interplay of Mass. R. Civ. P. 40 (b), 365 Mass. 802 (1974), and 41 (b) (2), 365 Mass. 804 (1974). Rule 40 (b) states that "[c]ontinuances shall be granted only for good cause . . . ." 365 Mass. 802 (1974). Rule 41 (b) (2) provides that "[o]n motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute . . . ." 365 Mass. 804 (1974). Unless the court expressly states otherwise, the involuntary dismissal operates as an adjudication upon the merits. Mass. R. Civ. P. 41 (b) (3), 365 Mass. 805 (1974). The dismissal will only be reversed upon a determination that it is so arbitrary, capricious, whimsical or idiosyncratic that it constitutes an abuse of discretion. *Bucchiere* v. *New England Tel. & Tel. Co.,* 396 Mass. 639, 641-642 (1986).

Involuntary dismissal is a drastic sanction which should be utilized only in extreme situations. As a minimal requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the movant would incur if the motion were de-

nied, and whether there are more suitable, alternative penalties. Concern for the avoidance of a congested calendar must not come at the expense of justice. The law strongly favors a trial on the merits of a claim.

We conclude that, in the unusual circumstances of this case, the dismissal was erroneously Draconian because the motion for continuance should have been allowed. The record does not contain any showing that the defendants would have been prejudiced by a continuance or that the judge considered an alternative penalty. The legitimate illness of a litigant is generally "good cause" for granting a continuance. Mass. R. Civ. P. 40 (b); *Ten* v. *Svenska Orient Linen,* 573 F.2d 772, 774-775 (2d Cir.), cert. denied, 439 U.S. 834 (1978); *Pollard* v. *Walsh,* 194 Colo. 566, 567 (1978). The plaintiff's legitimate illness was beyond his control and to penalize him severely for it would be a serious injustice without consideration of alternatives.

The defendants also argue that Monahan's motion was properly denied on procedural grounds. They claim that the motion did not comply with Mass. R. Civ. P. 40 (c),[3] 365 Mass. 802 (1974), which speaks to the information that must be present in an affidavit in support of a motion for continuance. The defendants point out that the letter from Monahan's physician was unsworn, and that counsel's affidavit contained no statement of expectation that Monahan would be able to testify at some future date. This argument, however, ignores the threshold language in the rule which provides that "[t]he court

---

[3] Mass. R. Civ. P. 40 (c) states: "(c) Affidavit or Certificate in Support of Motion. The court need not entertain any motion for a continuance based on the absence of a material witness unless such motion be supported by an affidavit which shall state the name of the witness and, if known, his address, the facts to which he is expected to testify and the basis for such expectation, the efforts which have been made to procure his attendance or deposition, and the expectation which the party has of procuring his testimony or deposition at a future time. Such motion may, in the discretion of the court, be denied if the adverse party will admit that the absent witness would, if present, testify as stated in the affidavit. The same rule shall apply, with the necessary changes in points of detail, when the motion is grounded on the want of any material document, thing, or other evidence."

need not entertain any motion for a continuance" unless supported by an affidavit which contains the specified information. The "need not" language is discretionary to the extent that if the affidavit is defective the court may still "entertain" the motion. The dictionary defines "entertain" as "to treat," "to deal with" or "to receive." Webster's New International Dictionary 853 (2d ed. 1959). The record indicates that the motion judge held a hearing on Monahan's motion and thereafter refused to grant the continuance. Thus, the judge apparently chose to "entertain" the motion by deciding the merits of Monahan's request. In the absence of a hearing or a specific finding that the motion was procedurally defective, we will not assume otherwise. The judgment of dismissal is reversed.

*So ordered.*

HENNESSEY, C.J. (concurring). I concur, but I add that I have some apprehension that the result here may be misinterpreted by some lawyers and litigants. The trial judges have (and must have) broad discretion in dealing with requests for continuances in civil proceedings. Dismissal may well be called for, when a litigant's course of action has been unreasonable, and the order for dismissal by a judge of the trial court should ordinarily have finality. The court here calls for restraint by judges in ordering dismissals: "Involuntary dismissal is a drastic sanction which should be utilized only in extreme situations." *ante* at 128. My view is that the appellate court must show similiar restraint in contemplating reversal of an order of dismissal. I add that I think the court's opinion is consistent with my thoughts: "*in the unusual circumstances of this case . . .* the motion for continuance should have been allowed" (emphasis supplied) *ante* at 129.