Sherman, P.J.
This is an action in contract to recover in excess of $24,000.00 for goods, services and labor allegedly supplied by plaintiff Longden Company, Inc. (“Longden”) to defendant Michael Carr, as trustee of CDM Realty Trust (“Carr”) for the purchase and installation of prefabricated office wall partitions.
The defendant not only denied that he owed the plaintiff any balance on the contract, but also alleged that the plaintiff breached its agreement by failing to install the partitions according to contractual specifications and by incurring delays which were costly to the defendant. Based on such allegations, the defendant counter-clamed for damages in the amount of $63,000.00 which represented the total rents withheld by the tenant of the space in which the plaintiff was to have installed the prefabricated partitions. The defendant also counterclaimed for the plaintiff s alleged unfair and deceptive trade practices in violation of G.L.c. 93A As matters unrelated to the parties’ substantive claims require a new trial, it is unnecessary to address the merits of this action. We note only tangentially that after trial, the courtfound for the plaintiff in the amount of $24,194.42 together with counsel fees in the amount of $7,500.00. The court also entered judgment for the plaintiff on the defendant’s counterclaim.
At the outset, the case was specially assigned to the trial judge for trial on August 1, 1990. The trial date was thereafter continued to December 19, 1990 and again to April 15, 1991. Afirm date of June 18, 1991 was ultimately assigned by the trial judge. Although the docket is, regretfully, devoid of any indication of the manner by which the case was finally assigned to June 18, 1991, a transcript of a post-trial proceeding which is incorporated into the report before us sheds some light on the scheduling *139 process. The case was apparently set down for a pretrial conference which was initially scheduled for February 5,1991, and then continued to May 14,1991 and again to May 21,1991. On May 24,1991, the case was firmly scheduled by the trial judge for a June 18,1991 trial. The record indicates that butfor a conflicting assignment of the trial judge, the matter was to have been heard on June 13,1991.
Prior to June 13,1991, the parties exchanged several telephone calls with the judge regarding the possibility of a continuance. However, no written motion for a continuance was filed with the court until the day of the June 18,1991 trial. It was asserted for the first time that morning that the defendant would be unable to be present in court for the length of the entire trial due to a “prior commitment.” It appears that said “commitment” was the defendant’s desire to attend a foreclosure sale of real estate located in Framingham, Massachusetts. The motion for continuance was denied by the trial judge. Continuances maybe granted in the discretion of the court for good cause shown. Dist./Mun. Cts. R. Civ. P., Rule 4 (b). The denial of a continuance is wrongful only if the same amounts to an abuse of discretion. Monahan v. Washburn, 400 Mass. 126 (1987). We note that at no time was the judge informed of either any loss which the defendant might incur by not attending said foreclosure sale, or even the reason for the defendant’s desire to be present at the sale. There was no error in the court’s initial denial of the defendant’s request for a continuance.
Defendant’s counsel also filed a request that morning that the trial judge disqualify counsel for the plaintiff from appearing in the case on the grounds that the firm representing the plaintiff had represented the defendant*s brother and was in possession of certain information which was privileged and could be used against the defendant in the proceeding pending before the court. The affidavits attached to said motion clearly indicate to this Division that said request was denied properly by the trial court because said representation had absolutely no bearing on the merits of the litigation before the court.
The court made extensive findings of fact resulting in rulings favorable to the plaintiff with the consequential issuance of judgment in favor of the plaintiff as hereinabove described. However, the court declined to respond to the requests for rulings filed by both parties.
On October 15,1991, a motion to amend findings, to alter or amend judgment and for a new trial was filed by the defendant. As grounds therefor, the defendant asserted that the court had deprived the defendant, Michael Carr, of the right to be present and to testify at the trial of the action by denying his motion for a continuance. The defendant also asserted that the court’s findings were erroneous and based upon inadequate evidence; that the court had failed to respond to the defendant’s requests for findings of fact and rulings of law; and that the interests of justice would be served by ordering a new trial.
In response to defendanf s motion, the court stayed the issuance of the judgment, ordered the same re-opened, and directed the parties to file requests for rulings and findings prior to the scheduled November 21,1991 hearing on the motion. The trial judge further indicated that he would enter a new judgment after the scheduled hearing, butthat the hearingwasforthe sole purpose of hearing evidence with respect to paragraph one of the defendant’s motion; i.e. that the court had deprived Michael Carr of the right to be present at the trial of the action and to testify at the same by denying his motion to continue.
Although the docket does not indicate when the same was filed, the defendant also submitted a motion to have the trial judge disqualify himself from any further proceedingswithrespecttothecaseonthegroundsthatthetrialjudgehadmadeprior statements which evinced both his personal bias or prejudice against defendant Carr and his prejudgment of any testimony Carr might have to offer in any further proceedings before the court.
*140 The trial judge had apparently indicated to the parties that it was his intention to allow Mr. Carr to testify at the November 21,1991 hearing on the defendant’s post-judgment motion. In an affidavitfiled in connection with the motion for disqualification, trial counsel averred:
To the best of my recollection at the close of the case the court inquired of me what Mr. Carr would have to add to the trial. I briefly stated that Mr. Carrwould refute the evidence before the court. My recollection is the court indicated that even accepting that a witness would refute plaintiffs case, such testimony would not effect the court’s impression of the case.
The trial judge permitted a stenographic record to be made of the hearing on November 21, 1991. The judge then issued a memorandum of decision denying defendant’s motions that he disqualify himself, for a new trial and for alteration of judgment. However, the trial judge proceeded to make extensive findings concerning his denial of both the defendant’s initial request for a continuance and post-judgment motion for a new trial. The judge also addressed the requests for rulings which had been filed, the correctness of which need not be considered on this appeal.
Upon review of the entire record, including the transcript of the N ovember 21, 1991 hearing, we conclude that the action and remarks of the trial judge created the appearance of impropriety, and that a new trial is warranted “to prevent a failure of justice.” Dist./Mun. Cts. R. Civ. P., Rule 59(a).[2]
We hold, therefore, that the trial judge’s denial of the defendanf s motion for a new trial was error. The court’s judgment is hereby vacated, and the case is returned for a new trial before another judge. So ordered.

 District/ Municipal Court Rule t>9ta) provides as loliows:
“ (a) Grounds: A new trial may be granted to all or any of the parties and onallorpartofthe issues for newly discovered evidence, for mistake of law injuriously affecting substantial rights of the moving party or for any other reason for which the court may deem necessary a trial to prevent a failure of justice. On a motion for a new trial the court may open the judgment if one has been entered, take additional testimony, amend any findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."