Greco, EJ.
Foreign Car Center, Inc. (“Foreign Car”) brought this action against three insurance companies, Royal Insurance Company (“Royal”), Arbella Mutual Insurance Company (“Arbella”), and Westport Insurance Corporation (‘Westport”), to recover damages for their alleged unfair settlement practices under G.Lc. 176D, §3(9) in violation of G.L.c. 93A. Foreign Car has appealed the dismissal of this action for failure to prosecute pursuant to Mass. R. Civ. R, Rule 41(b) (2).
This saga began in 1993 when Warren Five Cents Savings Bank, which was insured by Royal, recovered a judgment against Foreign Car in the amount of $16,000.00. After the bank obtained a writ of attachment, fifteen vehicles of Foreign Car were seized and sold. In May of 1998, Foreign Car brought various claims (to wit, for conversion, negligence, abuse of process, trespass, violation of its civil rights, and violation of G.L.c. 93A) in the Essex Superior Court against the individuals and entities involved in those seizures and sales. Foreign Car also alleged that their insurers, Royal, Arbella, and Westport, violated c. 93A. The superior court transferred the actions against the insurance companies to the Peabody Division of the District Court Department. Three months after the district court received this matter from the superior court, the three insurance companies moved that proceedings in the case be stayed until the underlying superi- or court action against their insureds was completed. That motion was allowed on September 15,1998.
The superior court case ended with jury verdicts against the parties insured by Westport in the amount of $9,110.00, and against the party insured by Arbella in the amount of $410.00. There was no recovery against Warren Five Cents Savings Bank, Royal’s insured. Those judgments were affirmed by the Appeals Court on January *238 26, 2005. See Foreign Car Ctr., Inc. v. Essex Process Serv., Inc., 62 Mass. App. Ct. 806 (2005).[2]
During the pendency of the superior court case, the district court action lay dormant. On February 1, 2007, Westport filed a motion to dismiss for failure to prosecute. Seven days later, Royal filed a similar motion. Arbella joined in those motions, but did not actually file a written motion of its own until March 14,2007. After a hearing, all three requests for dismissal were allowed on March 6, 2007 upon the trial judge’s finding that “the failure to prosecute [the claims] in any way for approximately 17 months warrants dismissal in order to prevent undue delays in the disposition of pending cases.” Foreign Car has appealed those dismissals.
A transcript of the hearing on the motions to dismiss has not been made part of the record before us. The record does contain, however, Royal’s memorandum in support of its motion to dismiss in which Royal stated that on June 8, 2005, it asked Foreign Car to agree to a dismissal. When Foreign Car responded that it intended to “reactivate” the case and seek discovery, Royal indicated that it would seek “costs and fees.” These assertions in Royal’s memorandum were not contradicted by Foreign Car in its opposition to the motions to dismiss. In any event, Foreign Car neither sought discovery, nor requested a trial date, and took no further action of any kind.
‘The allowance or denial of a motion to dismiss for failure to prosecute is committed to the judge’s sound discretion. (Citation omitted.) There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result; the standard of review is not substituted judgment” (citation omitted). Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986). “Judicial discretion implies the ‘absence of arbitrary determination, capricious disposition, or whimsical thinking.’... The phrase imports ‘the exercise of discriminating judgment within the bounds of reason.’” Beninati v. Beninati, 18 Mass. App. Ct. 529, 533 (1984), quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 496 (1920). “As with most rulings by a judge regarding the management of a case, ‘[o]nly in rare instances can it be ruled that there has been an abuse of discretion amounting to [an] error of law.’” Merles v. Lerner, 391 Mass. 221, 223-224 (1984), quoting Bresnahan v. Proman, 312 Mass. 97, 101-102 (1942).
“Judicial discretion, however, is not a unitary concept, and its scope varies depending upon the circumstances in which it is to be exercised.” Wilkins v. Cooper, 72 Mass. App. Ct. 271, 277 (2008). In determining whether there was an abuse of discretion in this case, we must keep in mind that “[t]rial on the merits of a plaintiff’s claim is strongly favored, and the involuntary dismissal of such a claim should be reserved for those situations where a severe sanction is necessary.” Massachusetts Broken Stone Co. v. Planning Bd. of Weston, 45 Mass. App. Ct. 738, 740 (1998), citing Monahan v. Washburn, 400 Mass. 126, 128-129 (1987). To warrant such a “drastic sanction... [a] s a minimal requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the movant would incur if the motion were denied, and whether there are more suitable, alternative penalties.” Monahan, supra. While “[t]he power to invoke [the sanction of dismissal for want of prosecution] is necessary in order to *239 prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars,” Bucchiere, supra at 641, quoting Link v. Wabash R.R, 370 U.S. 626, 629-630 (1962), ‘‘[c]oncern for the avoidance of a congested calendar must not come at the expense of justice.” Monahan, supra at 129.
Even though Foreign Car filed its complaint in 1998, the relevant period of delay here was the eighteen-month period from August of 2005, when the superior court case could be deemed to have officially ended with the issuance of executions, to March of 2007, when the trial court allowed the motions to dismiss. The seven-year period of inactivity before August of 2005 was chargeable to the insurance companies since they sought to have the district court proceeding stayed, although it should be noted that such a request is common in this type of litigation. It is difficult to characterize an eighteen-month delay as inordinate. See Bucchiere, supra at 642 (dismissal of case after a six and one-half year delay deemed “within the proper discretion of the trial judge”); Massachusetts Broken Stone Co., supra at 741 (dismissal affirmed on what Appeals Court called “close question” involving a six-year delay during which “the plaintiff... failed to initiate any form of affirmative prosecutorial activity”). During the delay in this case, none of the parties sought any court action. Royal was the only party to show at least some eagerness to move the case forward. Even after Royal threatened to seek dismissal, Foreign Car failed to follow through on its representation that it would proceed with discovery.
In an effort “to come forward with a showing of reasonable excuse” for not actively prosecuting this matter, Hoch v. Govan, 25 Mass. App. Ct. 550, 552 (1988), Foreign Car’s president pointed to other litigation in which his company and family members were involved, which had “overwhelmed” him in light of a “disability” that “impairs his ability to focus and deal with different matters at the same time.” Such contentions, even if deemed credible by a trial judge, might have justified a continuance or two, but not a total lack of activity, especially activity primarily involving interactions between counsel. Still, whether the insurance companies would have suffered prejudice if these actions were not dismissed and whether there was a less drastic remedy available to the trial judge are questions that must be examined. Massachusetts Broken Stone Co., supra at 740.
Here, these factors strongly support the dismissal of the actions against Arbella and Royal, notwithstanding their failure to press in court for trial. The prejudice to them was being forced to defend a nonmeritorious and, indeed, vexatious action. To succeed on its c. 93A claims, Foreign Car had to show that the insurance company failed “to effectuate [a] prompt, fair and equitable” settlement of a claim “in which liability ha[d] become reasonably clear,” G.L.c. 176D, §3(9) (f), or that the company compelled Foreign Car “to institute litigation to recover amounts due... by offering substantially less than the amounts ultimately recovered.” G.L.c. 176D, §3 (9) (g). See also Shapiro v. Public Serv. Mut. Ins. Co., 19 Mass. App. Ct. 648, 657 (1985) (‘To prevail on his claim under c. 93A, §11, [the plaintiff] had to show a causal connection between [the insurer’s] failure to settle and the loss of money or property and that such loss was foreseeable as a result of the failure to settle.”). Since Foreign Car recovered nothing from Royal’s insured, obviously there was no “reasonably clear” liability. The same can be said with respect to Arbella, notwithstanding the $410.00 judgment against its insured. In the underlying action, Foreign Car complained that Arbella’s insured “was towing vehicles over snowbanks in a rough and damaging *240 manner,” and that it, along with a codefendant, was “taking away vehicles whose value was substantially in excess of $20,000.” Foreign Car Ctr., Inc., supra at 808-809. Thus, the recovery on the negligence count was negligible; there was no recovery on the conversion count. Id. at 813-814. Arguably, the district court trial judge could have opted to give the case one more date for a hearing on motions for summary judgment. We conclude, however, in the circumstances here that there was no abuse of discretion in putting the claims against Royal and Arbella to their inevitable fate.
The same, however, cannot be said about Foreign Car’s claim against Westport. The recovery against its insured, while well below what was sought, was not so insignificant as to foreclose as a matter of law a finding of a violation of c. 176D. In allowing the motion to dismiss, the trial judge considered only the length of the delay and its effect “on the disposition of pending cases.” There is no indication that he considered whether Westport would be prejudiced and whether there were “more suitable, alternative penalties,” Monahan, supra at 128-129, such as imposing costs, scheduling an immediate trial date, or cutting off or severely restricting Foreign Car’s opportunity for discovery. Absent some indication of these determinations, it cannot be concluded that the trial judge properly exercised his discretion in imposing the severe sanction of dismissal.
Accordingly, the dismissal of the actions against Royal and Arbella is affirmed. The allowance of Westport’s motion for dismissal and the entry of judgment in its favor are vacated, and the action is returned to the Peabody Division for further consideration of Westport’s dismissal motion in accordance with this decision.
So ordered.

 The rescript from the Appeals Court was received by the superior court on March 1,2005. Executions for the plaintiff did not issue until August of 2005.