The taxpayers appeal from the dismissal of their four abatement appeals by the Appellate Tax Board (board) for lack of prosecution, and from the board's denial of their motion, in effect, to reconsider. We affirm.
An adjudicatory body such as the board possesses inherent authority to dismiss a matter for lack of prosecution, cf. State Realty Co. of Boston, Inc. v. MacNeil Bros., 358 Mass. 374, 379 (1970), although such dismissal is a drastic sanction that should be utilized only where "there [is] convincing evidence of unreasonable conduct or delay." Monahan v. Washburn, 400 Mass. 126, 128 (1987). Before dismissing a matter for want of prosecution the adjudicatory body should "give sufficient consideration to the prejudice that the movant would incur if the motion were denied, and whether there are more suitable, alternative penalties." Id. at 128-129. Our review is confined to determining whether the dismissals constituted an abuse of discretion. Id. at 128. An abuse of discretion occurs where there is " 'a clear error of judgment in weighing' the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted).
The record before us, as detailed by the board in its March 10, 2017, order denying reconsideration, supports the board's conclusion that the taxpayers engaged in "unreasonable conduct or delay." Monahan, supra. In September, 2016, after the taxpayers had refused to permit inspection by the board of assessors of Kingston (assessors) of certain properties at issue here, the board ordered the taxpayers to make those premises available to the assessors, explicitly warning that failure to do so "may result in the dismissal of the appeals." The taxpayers did not comply with the board's September order, and the assessors moved to dismiss. Despite finding that the taxpayers "unreasonably and without justification limited the inspection of the subject properties," the board, in a December, 2016, order, denied the assessors' motion, choosing instead to sanction the taxpayers by foreclosing them from raising issues that could have been resolved by an inspection. The board also ordered the taxpayers to produce to the assessors, by a specified date, "a copy of any appraisal report or other valuation evidence [they] intend[ ] to introduce into evidence at the hearing of these appeals." Finally, in the same order, the board set the hearing on the taxpayers' appeals for February 21, 2017.
The February hearing date arrived and the assessors appeared. The taxpayers did not. Nor had the taxpayers produced the documents as ordered. Attempts to contact the taxpayers' counsel proved fruitless. The assessors moved at the hearing to dismiss for lack of prosecution, and the board dismissed the appeals by decisions dated March 1, 2017. In these circumstances, particularly insofar as the board earlier had, in lieu of dismissal, imposed lesser sanctions, we are unable to conclude that the board's decision to dismiss constituted a clear error of judgment in weighing relevant factors, such that the decision fell outside the range of reasonable alternatives.
In their reconsideration motion the taxpayers asserted, without benefit of affidavit, that counsel had, on the February date set for hearing, been attending a different hearing in the Boston Municipal Court. The taxpayers asserted that counsel had been unaware of the scheduling conflict because "the last page of the [board's December] order had not been received as part of what was mailed from the [b]oard, but that counsel only received a cover-letter and the first page of the order." The board was not, of course, required to credit the taxpayers' naked assertion, see Kennametal, Inc. v. Commissioner of Rev., 426 Mass. 39, 43 n. 6 (1997), particularly where the facsimile cover sheet and the facsimile machine imprint show that all pages of the order were sent to the taxpayers' counsel.
We are not persuaded that the board could dismiss only the two appeals specifically identified in the caption of the December order.[5] First, we do not consider arguments not made below. G. L. c. 58A, § 13. See Bank of America, N.A. v. Commissioner of Rev., 474 Mass. 702, 713 (2016). Despite opportunity to do so, the taxpayers did not make this argument in their reconsideration motion or otherwise bring the purported error to the board's attention. Second, and in any event, when we view the full context we are satisfied that the board intended its December order to apply to all four appeals, that all four appeals were in fact scheduled for hearing on February 21, 2017, and that all parties, including the taxpayers, so understood the order. We also note that the taxpayers do not claim any surprise, confusion, misunderstanding, or prejudice arising from the caption's omission.
No error appearing, we affirm the decisions of the Appellate Tax Board dated March 1, 2017, and the order dated March 10, 2017.
So ordered.
Affirmed.

The two appeals identified in the order's caption were F331809 and F331811. The two appeals not specifically identified were F329771 and F329775.