The plaintiff, an inmate in the custody of the Department of Correction (DOC), appeals from the dismissal of her complaint for failure to prosecute, Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974). We affirm.
Background. On March 7, 2017, the plaintiff filed a pro se complaint alleging that the correction officer defendants[3] violated her civil rights when they used excessive force in removing the plaintiff from her cell on February 22, 2014. After the incident, the plaintiff allegedly reported pain in her wrist, hand, ribs, and eye to defendant Alicia Cote-Levanti, a registered nurse employed by a private company with which the DOC contracts to provide medical services to inmates. According to the complaint, Cote-Levanti examined the plaintiff in cursory fashion and ignored her reports of injury. A subsequent X-ray showed the plaintiff had a fractured finger. The complaint sought damages for the defendants' violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.
On June 29, 2017, the correction officer defendants moved to dismiss the complaint on the ground of improper venue. On July 24, 2017, Cote-Levanti moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Among other grounds, Cote-Levanti asserted that the case was time-barred under the applicable statute of limitations. On November 13, 2017, Cote-Levanti served the plaintiff with a motion to dismiss for failure to prosecute, because the plaintiff had not responded to her motion to dismiss. The motion was docketed on November 14, 2017, and allowed on November 21, 2017, by margin endorsement.[4] On November 24, 2017, the remaining defendants filed a motion to dismiss for failure to prosecute, because the plaintiff had not responded to their motion to dismiss. On November 27, 2017, their motion was allowed by a similar margin endorsement.[5] This appeal followed the judgment of dismissal.[6]
Discussion. "On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Mass. R. Civ. P. 41 (b) (2). We review a judge's decision to allow a rule 41 (b) (2) motion for an abuse of discretion, Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986), which we will not find unless "we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Before an action may be dismissed pursuant to rule 41 (b) (2), a judge must consider (1) whether there is "convincing evidence of unreasonable conduct or delay," (2) "the prejudice that the movant would incur if the motion were denied," and (3) "whether there are more suitable, alternative penalties." Monahan v. Washburn, 400 Mass. 126, 128-129 (1987). Here, the judge's margin endorsements did not refer to these considerations. Rather, the orders simply stated that the motions were allowed "for the good and sufficient reasons herein" -- that is, because the plaintiff had taken no action on the case for over four months since the motions to dismiss were filed.
Even assuming, without deciding, that the judge's allowance of the rule 41 (b) (2) motions without explicit consideration of the Monahan factors constituted an abuse of discretion, we discern no error in the orders of dismissal because the plaintiff's claims were time-barred. See Viriyahiranpaiboon v. Department of State Police, 52 Mass. App. Ct. 843, 847 (2001) (reversal on procedural grounds not required where plaintiff is not entitled to relief as matter of law). The plaintiff's personal injury and civil rights claims are subject to a three-year statute of limitations. See G. L. c. 260, §§ 2A, 5B. As alleged in the complaint, the plaintiff was injured on February 22 and 23, 2014, when the defendants used excessive force to remove her from her cell and denied her proper medical care. Therefore, she was required to file her complaint by February 24, 2017, at the latest. Her complaint, filed on March 7, 2017, was too late.
Although the complaint states that it was placed in the prison's institutional mailbox on February 10, 2017, and cites to the so-called "prison mailbox rule" as it is explained in Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001) ("In its original form, the prison mailbox rule deemed a pro se prisoner's notice of appeal 'filed' at the moment he delivered it to the warden"), the plaintiff made no argument in the Superior Court, or on appeal, that the prison mailbox rule makes her complaint timely. See id. at 916-917 (inmate "bears the ultimate burden of proving [ ] entitlement to benefit from the rule"). We decline to address the issue here because it has not been argued in the plaintiff's brief, see Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), and because there is no evidence that the complaint was sent by certified or registered mail as required by Mass. R. Civ. P. 3, as amended, 385 Mass. 1215 (1982).
Judgment affirmed.

Parent, Rochette, and Chicoine.

The judge wrote, "Upon review of the submissions and the docket, allowed for the good and sufficient reasons herein."

The judge wrote, "Allowed without opposition for the good and sufficient reasons herein."

It is not clear from the materials before us whether the judgment dismissing the plaintiff's action against the correction officer defendants also dismissed the action against Cote-Levanti, whether there was a separate judgment as to her, or whether no judgment has entered regarding her. The possibility that no final judgment has yet entered for Cote-Levanti does not deter us from addressing the order of dismissal as to her, where the issues raised are virtually the same as with the other defendants. We anticipate that after receipt of the rescript for this appeal, the trial court will enter any additional judgment needed.