NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-411

ROBERT L. SULLIVAN

vs.

LYNDSAY A. SCHMIDT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties are the mother and father of a minor daughter. The father appeals from a judgment of the trial court allowing the mother to remove the daughter to Kentucky, arguing, among other things, that the judge abused her discretion by precluding him from presenting any witness testimony.  We agree, and therefore vacate the judgment and remand for a new trial, leaving undisturbed (pending retrial) the current custody arrangement.

Background.  We summarize the procedural history and the relevant facts as found by the judge, reserving additional facts for later discussion.  The parties' relationship began when they met in Florida.  When the mother eventually became pregnant, the parties moved to Kentucky, where they lived with the mother's mother (maternal grandmother).  Their daughter was born in

Kentucky.  About four months later, the parties moved to the father's hometown in Massachusetts where they lived with the father's father (the paternal grandfather), the father's grandparents, and the paternal grandfather's girlfriend.  The father got a job outside the home while the mother stayed home with the daughter.

The parties' romantic relationship ended in June 2020 and that fall, the mother moved into her own apartment with the daughter.

Procedural History.  In August 2020, the father filed a complaint for custody, support, and parenting time.  The mother filed a complaint seeking to remove the daughter to Kentucky pursuant to G. L. c. 208 § 30.  Months later, the parties filed motions for temporary orders, by which the mother sought sole legal and physical custody and removal of the child to Kentucky, and the father sought joint legal and physical custody of the child.  After a hearing on these motions, the judge reserved the removal issue for trial and entered a temporary order that, among other things, scheduled a pretrial conference ("pretrial conference order") for June 3, 2021.[1]

The pretrial conference order required the parties to file a pretrial memorandum that included "[a] list of all people each

_____

[1] The order also designated the mother as primary caretaker of the daughter, a ruling that we do not disturb.

party intends to call as witnesses at the trial" at least three days before the pretrial conference. The mother filed her pretrial memorandum on May 28, 2021, and the pretrial conference was held as scheduled. On June 3, the judge issued an order ("final order")[2] scheduling the trial for September 24, 2021, and setting new deadlines: a July 1 deadline for the completion of discovery and deadlines of (1) ten days before trial ("or at the status conference") for motions in limine, and (2) fourteen days before trial for the exchange of proposed exhibits, witness lists, and exhibit lists. The order closed with a warning, in capital letters, that "FAILURE TO COMPLY WITH THE PROVISIONS IN THIS ORDER SHALL BE GROUNDS FOR IMPOSITION OF APPROPRIATE SANCTIONS, COSTS AND EVIDENTIARY RESTRICTIONS." The father, now apparently pro se,[3] filed his pretrial memorandum on June 21, 2021.[4]

---

[2] An earlier, temporary scheduling order was entered by a different judge. That order is not at issue in this appeal.

[3] The father's counsel moved to withdraw on April 12, 2021. The docket does not reflect that any action was taken on that order. The father's pretrial memorandum, which refers to the father in the first person, evidences that, regardless of the still-pending motion, the father had a heavy hand in his representation by at least late June. On August 4, the father filed a pro se notice of appearance. On August 6, the father's lawyer again moved to withdraw; this motion was allowed the same day.

[4] The father's pretrial memorandum is undated and bears no certificate of service. The docket reflects its filing on June 21, 2021, and the mother makes no argument that she did not receive it on or about that date, but she maintains on appeal that the memo she received contained no witness list. The

3

The mother served her witness list on the father on September 9, 2021.  The father's witness list was served on the mother at approximately 3:29 P.M., on September 10, 2021.  On September 15, 2021, the mother filed a motion in limine to exclude testimony by all of the father's witnesses, taking the position that the witnesses had been disclosed too late.  The mother noted that, "[o]f the nine witnesses on the plaintiff father's witness list only [two] were disclosed at the time of the pre-trial hearing in this matter."

As scheduled, the parties convened for trial on September 24 and the judge addressed the mother's motion in limine.  The judge heard from the mother's lawyer and from the father, who sought the judge's help in understanding the mother's motion. He asked whether the mother was "trying to eliminate all of my witnesses because I didn't have them on the pretrial list[]" to which the judge responded, "Yes, because they weren't provided . . . at least [fourteen] days, prior to today from what I understand."  The judge then asked counsel for the mother when she received the list," and she responded, "a day after the order so technically they were not within the [fourteen] day

_____

version of the pretrial memorandum that is included in the parties' record appendix contains both a witness list and the affidavits of two anticipated witnesses.  We need not resolve this discrepancy given our ruling that the father's witness list was timely disclosed.

4

time."  The father responded, "It was, what, Friday, so I think Friday at 9:30 in the morning would have been your [fourteen] days.  I think it was at 3:30 when I got out of work to submit them over to her."  The judge replied, "Sir, the order is clear, the order exists for a reason.  Counsel has to be on notice so the witnesses are excluded[,]" to which the father answered, "All right."

After hearing from both parties and two of the mother's witnesses, the judge allowed the mother to remove the child to Kentucky.  This appeal followed.

Discussion.  "The purpose of a motion in limine is to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence" (citation omitted).  Commonwealth v. Lopez, 383 Mass. 497, 500 n.2 (1981).  "Trial judges have broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial" (quotation and citation omitted), Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 131 (2002), and "we do not interfere with the judge's exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion."  Solimene v. B. Grauel & Co., 399 Mass. 790, 799 (1987).  See Commonwealth v. Rosa, 468 Mass. 231, 237 (2014) (evidentiary rulings on motion in limine reviewed for abuse of discretion).

Rule 6 of the Massachusetts Rules of Civil and Domestic Relations Procedure (rule 6) provides that "[i]n computing any period of time prescribed or allowed . . . by order of court . . . the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included."  See Mass. R. Civ. P. 6, 365 Mass. 747 (1974) (identical to Mass. R. Dom. Rel. P. 6).[5]  Here, the final order scheduled trial for September 24, 2021, and required the parties to exchange final witness lists "at least fourteen (14) days before trial."  The father served his witness list on the mother on September 10, 2021.  The father's list named nine witnesses; according to the mother, two of them had been previously disclosed in his pretrial memorandum.

Under rule 6, the requirement that the parties exchange witness lists "at least fourteen days" prior to September 24 meant fourteen calendar days.  Stevenson v. Donnelly, 221 Mass. 161, 164 (1915) (considering whether "days" refers to calendar days or twenty-four-hour periods and concluding that, absent anything to show that "'days' was used in any other than its ordinary sense of entire days," "fractions of a day will not be

[5] Rules 6 (a), (b), and (d) of the Massachusetts Rules of Domestic Relations Procedure are identical to Mass. R. Civ. P. 6 (a), (b), and (d).  See Mass. R. Dom. Rel. P. 6.

6

considered").  The notion that the father's witness list was due by 9:30 A.M. (the time the trial was scheduled to start) on the fourteenth day is therefore unsupported by logic, law, or fairness.  The father's disclosure of his witness list on September 10 was timely under the order.  See Mass. R. Civ. P. 6 (a).  Because the father timely disclosed his witness list, the judge abused her discretion in excluding his witnesses.  See Monahan v. Washburn, 400 Mass. 126, 129 (1987) (dismissal of complaint abuse of discretion where judge erred in denying plaintiff's motion for continuance and did not consider alternative sanctions).[6]  The father did not have the benefit of counsel, and the judge should have been mindful of the principle that "self-represented litigants must be provided 'the opportunity to meaningfully present their cases.'"  Carter v. Lynn Hous. Auth., 450 Mass. 626, 637, n.17 (2008), quoting Judicial Guidelines for Civil Hearings Involving Self-Represented Litigants § 3.2 (2006).  "Particularly in a case such as this, one that relates solely to child custody, some care should be taken to see that a litigant is fairly heard." Loebel v. Loebel, 77 Mass. App. Ct. 740, 743 n.4 (2010)

---

[6] It bears noting that, although the pretrial conference order had required an earlier disclosure of anticipated trial witnesses, nothing in either that or the final order precluded the parties from subsequently amending their lists.

7

Although this could conclude our analysis, with an eye toward the future, we caution that a sanction for a discovery violation must be proportional to the violation.  See, e.g., Grassi Design Group, Inc. v. Bank of America, N.A., 74 Mass. App. Ct. 456, 460 (2009) (sanctions imposed by trial judges should be "appropriately punitive in relation to the objectionable behavior, and appropriately remedial in relation to the disadvantage visited").  Even had the father disclosed his witness list late, as the mother maintained, excluding the father's witnesses as a sanction would have been unreasonable on this record.  Monahan, 400 Mass. 126, 129 (1987) (where good cause existed for granting continuance, dismissal of case was "a serious injustice without consideration of alternatives"); Morgan v. Jozus, 67 Mass. App. Ct. 17, 24 (2006) ("While a judge, in the exercise of discretion, may exclude expert testimony for failure to comply with discovery, the judge must consider other options, including a sua sponte continuance of the trial").  There was no evidence of bad faith on the father's part and there was no articulable prejudice to the mother, who had notice of the issues being litigated from the pretrial conference hearing and memoranda.  Absent a showing of prejudice, given the type of case, the designated witnesses, and the parties' relationship to the witnesses and each other, this delay in the disclosure of the father's anticipated witnesses

8

cannot be said to have prevented the mother from preparing meaningful cross examinations of them for a trial starting two weeks later. See Commonwealth v. Carter, 475 Mass. 512, 519 (2016), citing Commonwealth v. Lopez, 433 Mass. 406, 413 (2001) ("The relevant inquiry is whether the defendant has sufficient time to investigate the proposed testimony"). Given the severity of the sanction, the father's pro se status, and the lack of prejudice to the mother, the judge erred by precluding the father from calling so-called late disclosed witnesses without considering lesser sanctions. See Commonwealth v. Dranka, 46 Mass. App. Ct. 38, 41-42 (1998) (discretion to bar testimony should be based on careful consideration of whether party will suffer undue prejudice, whether lesser sanctions are available, and how material testimony would be to case).

Our concern is heightened given the important interest at stake and the father's allegations in his pretrial memorandum, including that the mother was abusing alcohol, sometimes in the child's presence, and that the mother behaved inappropriately around the child. Under the circumstances, the potential need for testimony on these issues outweighed any failure by the father to make an offer of proof, which, while preferred, "has not been required in circumstances where, as here, a judge has excluded completely all of a witness's testimony on a particular issue." Letch v. Daniels, 401 Mass. 65, 70 (1987). Included on

9

the father's witness list were the family members with whom the parties lived while in Massachusetts, his coworker, and a percipient witness named in his pretrial memorandum. The relevance of those witnesses' anticipated testimony was apparent from their relationship with the parties or from the father's pretrial memorandum. Commonwealth v. Andrews, 403 Mass. 441, 462 (1988) (court weighs probative value of proffered evidence against prejudicial effect on nonmoving party). Precluding the father, a pro se litigant in a removal proceeding, from presenting any testimony of witnesses who may have had personal knowledge of issues relevant to the removal of his daughter -- for example, the mother's caretaking capabilities and potential substance abuse -- deprived him of a meaningful opportunity to be heard. Brantley v. Hampden Div. of the Probate and Family Ct. Dep't., 457 Mass. 172, 185 (2010) ("fundamental fairness, as well as due process concerns, requires that a parent be given the opportunity effectively to rebut adverse allegations concerning his or her child-rearing capabilities" [citation omitted]).

Because it was error to exclude the father's trial witnesses, and because we cannot say that hearing these witnesses would not have changed the judge's assessment, we vacate the judgment and remand for a new trial consistent with this memorandum and order. The current custody arrangement

10

shall remain in place as a temporary order pending the new trial proceedings or until further order of the Probate Court.

So ordered.

By the Court (Wolohojian,
  Henry & Hershfang, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  March 23, 2023.

---

[7] The panelists are listed in order of seniority.