NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-709

LAURA A. HADLEY & another[1]

vs.

TOWN OF WESTPORT & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This protracted action in the Superior Court involved the plaintiffs' claims for (1) certiorari review of an enforcement order issued by the Westport Conservation Commission (commission), (2) conversion against Westport conservation agent Christopher Capone, (3) criminal trespass against Capone, G. L. c. 266, § 117, (4) negligence against the town of Westport (town) and the commission, and (5) civil rights violations. See 42 U.S.C. § 1983; G. L. c. 12, § 11I. The plaintiffs appeal from a variety of interlocutory rulings, and from the judgment

---

[1] Robert C. Hadley.

[2] Conservation Commission of Westport, Chair of the Conservation Commission of Westport, and Christopher Capone.

of involuntary dismissal with prejudice pursuant to Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974), entered by a Superior Court judge as a consequence of the plaintiffs' repetitive attempts to obtain reconsideration of prior court orders. Because we conclude that the judge acted within her discretion in dismissing the case, we affirm the judgment.[3]

Background. 1. Plaintiffs' repeated requests for reconsideration. This case has a lengthy and convoluted procedural history. We focus on the following excerpts that are necessary to the resolution of this appeal.

Laura A. Hadley, who is an attorney, filed suit on behalf of herself and Robert C. Hadley in 2018.[4] Attorney Hadley remained counsel of record for the plaintiffs throughout the action, although another attorney (prior counsel) also appeared on the docket for the plaintiffs between December 2020 and February 2024.

In July 2020, a judge (first judge) allowed the plaintiffs' motion for judgment on the pleadings as to the civil rights claims against all defendants, and the conversion claim against

---

[3] Because we affirm the judgment of dismissal, we do not reach the plaintiffs' additional arguments on appeal.

[4] The plaintiffs share a last name. For the sake of clarity, we refer to Laura A. Hadley as "Attorney Hadley."

Capone (July 2020 order).[5]  In July 2021, a different judge (second judge) allowed the defendants' motion for reconsideration of the first judge's order for judgment on the pleadings, and vacated the rulings in favor of the plaintiffs on their civil rights claims against all defendants and their conversion claim against Capone (July 2021 order).  The plaintiffs petitioned this court for single justice review, see G. L. c. 231, § 118, first par., and the single justice stayed action on the petition in light of the plaintiffs' intent to seek reconsideration of the July 2021 order.  The plaintiffs then moved for reconsideration of the second judge's July 2021 order, and the second judge denied that motion in October 2021 (October 2021 order).

After the plaintiffs made three unsuccessful attempts to obtain interlocutory review of the July and October 2021 orders, including an appeal to a panel of this court,[6] the defendants

---

[5] The first judge also vacated an enforcement order issued by the commission, and dismissed the remaining claims for conversion, trespass, and negligence.

[6] On October 25, 2021, after lifting the stay on the appellate proceedings, a single justice of this court denied the plaintiffs' petition for interlocutory review (October 25 single justice order).  The plaintiffs filed a notice of appeal from that order, and from the second judge's October 2021 order, but a single justice struck that notice of appeal on November 4, 2021.  See McMenimen v. Passatempo, 452 Mass. 178, 189-193 (2008).

filed a renewed motion for summary judgment in the Superior

Court in November 2022.  The plaintiffs filed a cross motion,

and a judge (third judge) ultimately granted summary judgment in

favor of the defendants on the remaining claims against them,

other than a procedural due process claim against the town and a

conversion claim against Capone (April 2023 order).[7]

While the cross motions for summary judgment were pending,

the parties moved to continue the pretrial conference then

scheduled for January 31, 2024.  In the meantime, another judge

had been assigned to the case (fourth judge).  Aware that the

case was then six years old and had not yet been scheduled for

---

The plaintiffs moved for reconsideration of the October 25 single justice order and, when their motion was denied on November 17, 2021 (November 17 single justice order), they filed a notice of appeal from (1) the October 25 and November 17 single justice orders, and (2) the July 2021 and October 2021 second judge orders.  On December 17, 2021, a single justice struck that notice, too (December 17 single justice order).

The plaintiffs then filed a notice of appeal purporting to challenge each of these orders by a single justice, as well as the second judge's July 2021 and October 2021 orders.  See Hadley v. Westport, 102 Mass. App. Ct. 1103 (2022).  Ultimately, a panel of this court affirmed the December 17 single justice order in an unpublished decision under our rule 23.0.  In doing so, the panel concluded that the single justice was correct that the notice of appeal was untimely as to the July and October 2021 orders, and that, in any event, the plaintiffs were not entitled to interlocutory review of those orders.

[7] In a related pleading, the plaintiffs argued that the third judge should reconsider his rulings in favor of the defendants and reinstate the July 2020 order of the first judge.

4

trial, the fourth judge denied the parties' motions to continue, and the pretrial conference went forward as scheduled on January 31, 2024.

At the pretrial conference, prior counsel appeared for the plaintiffs; neither Attorney Hadley nor her coplaintiff was present.  Attorney Hadley had filed a series of motions that were marked for hearing on the pretrial conference date, however, including, notably, "Plaintiffs' Emergency Motion to Correct Clerical Errors and Set Aside Orders Pursuant to [Mass.] R. Civ. P. 60, or Alternatively to Stay Proceedings Pending MA District Court Case No. 23-11042" (paper 95).  Paper 95 included a request that the judge "set aside orders based on Defendants' repeated and ongoing fraud on the court . . . and [reinstate the July 2020 order as] full and final."

Prior counsel reported that he was not prepared to argue the motions Attorney Hadley had filed on behalf of the plaintiffs; the fourth judge therefore decided those motions on the papers.  Determining that paper 95 was, in substance, another attempt by the plaintiffs to obtain reconsideration of the July 2021, October 2021, and April 2023 orders, the fourth judge assessed $2,150 in attorney's fees for the time defense counsel expended defending against that filing, and ordered the

5

plaintiffs to pay that amount to the defendants within thirty days.[8]

2. Contempt. On March 1, 2024, the plaintiffs filed an emergency motion seeking reconsideration of the fourth judge's order that they pay $2,150 in attorney's fees. The fourth judge held a hearing on that motion on March 28, 2024. At that hearing, and as reflected in the fourth judge's detailed memorandum of decision, Attorney Hadley accused opposing counsel of engaging in fraud on the court and represented that opposing counsel had communicated ex parte with the Superior Court clerk's office to cancel a hearing on a discovery motion without the plaintiffs' consent. Pressed by the judge for details about the alleged misconduct by defendants' counsel, Attorney Hadley stated that prior counsel had more detailed information than she did about the ex parte communication; accordingly, the judge continued the in-court hearing for the following day and instructed prior counsel, who was out of town, to appear by video conference.

---

[8] Although, at a later hearing in March 2024, Attorney Hadley represented to the fourth judge that she had prepared a memorandum in support of the motion to continue, and that the memorandum documented a conflict that prevented her from being present for the January 31, 2024, pretrial conference, the docket does not reflect that the memorandum was ever filed with the court, or that the fourth judge received it.

6

After hearing prior counsel's testimony and concluding that it "did not support Attorney Hadley's serious allegations [of professional misconduct by defense counsel and the Bristol Superior Court staff], at all," the judge asked Attorney Hadley when she intended to pay the attorney's fees imposed as a sanction for the plaintiffs' repetitive filings. Attorney Hadley did not answer that question. Instead, she denied that the plaintiffs had engaged in any misconduct, argued that the judge had abused her discretion in ordering the sanction, and stated that "[p]laintiffs will comply with lawful court orders," insinuating that this category did not include the order that the plaintiffs pay attorney's fees. Defense counsel then moved to dismiss the case under Mass. R. Civ. P. 41 (b) "for misconduct by Attorney Hadley." The judge did not act on that motion but underscored the fact that the motion was pending later in the hearing.

Attorney Hadley (without the fourth judge's permission) did not appear in person for the continued hearing, appearing instead by video conference. The fourth judge ordered Attorney Hadley to appear in court in person, and she did so that afternoon. During this phase of the hearing, Attorney Hadley challenged the fourth judge's sanction as "retaliation" for the plaintiffs' having filed suit in Federal court (a contention

7

that the fourth judge flatly rejected); repeated the statement, "[p]laintiffs will comply with all lawful court orders," but failed to answer the fourth judge's question about when the plaintiffs would pay the sanction; and finally told the fourth judge, "short answer, [Attorney Hadley did not] know [when the plaintiffs would pay the amount ordered]," because she needed "to look into the matter further."  The fourth judge then told Attorney Hadley that the deadline for payment of the $2,150 in attorney's fees was "next Friday [April 5, 2024], at two P.M.," and that if the payment was not made by that date, she would "be [in] contempt of this court."[9]  The fourth judge also reiterated the deadline and told Attorney Hadley that, if she did not comply with the order by that date and time, she would be "ordered to be [t]here in person at two o'clock, and [they would] have a contempt hearing."

On April 5, 2024, the contempt hearing went forward as scheduled, though neither Attorney Hadley nor her coplaintiff

---

[9] Defense counsel asked in open court, when Attorney Hadley was present, that the judge dismiss the plaintiffs' complaint as a sanction for the plaintiffs' "misconduct," including their filing repeated motions for reconsideration of the same issues and refusing to comply with the judge's order for attorney's fees.  The judge flagged dismissal as a potential sanction in her exchange with Attorney Hadley later in the hearing.

appeared.[10]  Defense counsel was present and represented that the plaintiffs had not paid the sanction the fourth judge had ordered.  The fourth judge reviewed the relevant procedural history on the record, including the fact that, late in the night before the hearing, the plaintiffs had filed a petition under G. L. c. 211, § 3.  Ultimately concluding that the plaintiffs had refused to pay the sanction as ordered, and (we infer) that Attorney Hadley lacked a legitimate reason for failing to appear for the contempt hearing, the fourth judge found the plaintiffs in contempt of her order to pay the defendants $2,150 in attorney's fees.  Additionally, concluding that the circumstances of the case were "extraordinary," the judge ordered the plaintiffs' remaining claim dismissed under Mass. R. Civ. P. 41 (b).  Judgment of dismissal with prejudice entered the same day.

---

[10] The judge stated on the record that, at approximately 12:48 P.M. that day, Attorney Hadley had filed an emergency motion to continue the 2 P.M. hearing, representing that "[p]laintiffs have an emergency medical situation" and were therefore unable to attend.  The motion was not accompanied by an affidavit and included no additional information about the nature of the plaintiffs' emergency.

The judge also noted that Attorney Hadley had not contacted the court when she was unable to attend the April 5 hearing (though she had informed defense counsel), and that the judge continued to "question" the truthfulness of Attorney Hadley's statements.

9

The docket reflects that the plaintiffs paid the attorney's fees on April 10, 2024.  The plaintiffs timely noticed their appeal from the judgment of dismissal, as well as from certain other interlocutory rulings in the case, on May 6, 2024.

Discussion. 1. Order for attorney's fees.  We review the fourth judge's order for sanctions for an abuse of discretion. See Wong v. Luu, 472 Mass. 208, 220 (2015).  A judge may assess attorney's fees under the inherent powers of the court when "such sanctions [are] necessary to preserve the court's authority to accomplish justice."  Id. at 218.

Here, the fourth judge ordered the payment of attorney's fees based on "the [p]laintiffs' repeated filing of the same motion."[11]  Where the plaintiffs repeatedly raised their jurisdictional argument -- resulting in repetitive, futile, and costly motion practice -- we discern no abuse of discretion in the fourth judge's imposition of sanctions.  See Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., 82 Mass. App. Ct. 461, 470 n.17 (2012) ("A party or counsel should

_____

[11] We can find no record support for the plaintiffs' claim that the fourth judge imposed the sanctions in "retaliation" for the plaintiffs' exercise of their rights under the First Amendment to the United States Constitution, nor for the claim that the fourth judge "usurped the authority of the [F]ederal court" by ordering sanctions, and the plaintiffs provide no record citations to assist us in doing so.

10

not abusively employ a motion for reconsideration as . . . a mere repetition of previously failed arguments").  See also id. at 470 ("Abuse of the reconsideration mechanism will expose the responsible party or counsel to sanctions within the discretion of the motion judge").

The plaintiffs' additional challenge to the fourth judge's order for sanctions based on a lack of notice was not, to the extent that we are able to discern from the dense procedural history of this appeal, raised in the Superior Court. Accordingly, it is waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (appellate court will not consider argument raised for first time on appeal); Raposo v. Evans, 71 Mass. App. Ct. 379, 385 (2008) (defense of lack of proper service may be waived).

2.  Contempt finding.  "[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command."  Birchall, petitioner, 454 Mass. 837, 853 (2009).  We review a judge's ultimate finding of contempt for an abuse of discretion, although we review questions of law de novo.  See Department of Revenue Child Support Enforcement v. Grullon, 485 Mass. 129, 134 (2020).

There was no abuse of discretion here.  The fourth judge's order that the plaintiffs pay $2,150 in attorney's fees by a

11

specified date and time was "clear and unequivocal."  See

Birchall, 454 Mass. at 853.  Attorney Hadley's responses to the

judge's questions during the hearing on March 29, 2024, followed

by the plaintiffs' failure to pay until after the deadline had

passed, also constituted clear and convincing evidence of their

disobedience.[12]  See id.

3.  Order of dismissal.  After finding the plaintiffs in

contempt of her order, the fourth judge entered judgment of

dismissal under Mass. R. Civ. P. 41 (b) (2).  Mindful that

"[i]nvoluntary dismissal is a drastic sanction which should be

utilized only in extreme situations," Monahan v. Washburn, 400

Mass. 126, 128 (1987), and that "[t]he law strongly favors a

trial on the merits of a claim," id. at 129, we review the

judge's ruling for an abuse of discretion.  See Bucchiere v. New

England Tel. & Tel. Co., 396 Mass. 639, 641-642 (1986).

_____

[12] The plaintiffs do not argue that they were unable to pay the attorney's fees; indeed, at the March 29, 2024, hearing, Attorney Hadley said that the plaintiffs would "put it in escrow" and that, "if [the fourth judge was] using the color of law and the authority of the State to force plaintiffs to pay money[,] . . . [the plaintiffs would] do so under and in accordance with the rule of law."  We infer that the fourth judge found that the plaintiffs were able to pay the sanction by the deadline.  See Furtado v. Furtado, 380 Mass. 137, 144 (1980) (before finding party in civil contempt, judge must find that party had ability to pay when contempt order entered).

Massachusetts Rule of Civil Procedure 41 (b) (2) provides, in relevant part, that, "[o]n motion of the defendant, with notice, the court may . . . dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Involuntary dismissal is proper when the trial judge has determined that (1) there is evidence of a plaintiff's unreasonable conduct or delay, (2) the moving party would suffer prejudice if the motion were denied, and (3) there are not more suitable, alternative penalties available.  See Monahan, 400 Mass. at 128-129.

Here, during the March 29, 2024, hearing in which Attorney Hadley participated, defense counsel made an oral motion to dismiss the complaint under rule 41 (b).  Where the fourth judge did not act on the oral motion at that hearing, but warned Attorney Hadley of the risk of dismissal, the plaintiffs' argument that they did not receive proper notice of the defendant's motion to dismiss falls flat.

The fourth judge found that the plaintiffs engaged in repetitive and uniformly unsuccessful attacks on the July and October 2021 orders -- "convincing evidence of [the plaintiffs'] unreasonable conduct," Monahan, 400 Mass. at 128 -- and that the defendants were prejudiced by this conduct, as they had to spend time and money defending against the plaintiffs' repetitive

13

motions. See id. The judge also not only considered alternative penalties, but she imposed them when she ordered the plaintiffs to pay the attorney's fees the defendants incurred in defending against the plaintiffs' final motion for reconsideration. Where the plaintiffs opted not to pay those fees timely, and in light of the reasons the fourth judge explained on the record for her decision, we cannot say that the judge abused her discretion in dismissing the plaintiffs' complaint.[13]

Judgment affirmed.

By the Court (Hand, Grant & Wood, JJ.[14]),

Paul Little

Clerk

Entered: July 17, 2025.

---

[13] The defendants' request for appellate attorney's fees is denied. Although we consider it a close question whether the appeal is "frivolous" for the purposes of Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979), we decline the request for appellate attorney's fees under that rule.

[14] The panelists are listed in order of seniority.

14