MAYWOOD BUILDERS SUPPLY COMPANY, INC. & another *vs.* LESTER KAPLAN & others. June 23, 1986. *Practice, Civil,* Discovery, Default, Judicial discretion.

As in *Greenleaf* v. *Massachusetts Bay Transp. Authy., ante* 426 (1986), a judge of the Superior Court made an order dispositive of the case based on a pattern of persistent failure to comply with discovery orders. In this case the dispositive order ran against the plaintiffs and took the form of a dismissal of the action under Mass.R.Civ.P. 37(b)(2)(C), as amended effective January 1, 1984, 390 Mass. 1208. Applying the principles in the *Greenleaf* case, we affirm.

The complaint was for amounts due under a cost-plus construction contract. On November 9, 1984, the defendants filed their first request for production of documents under Mass.R.Civ.P. 34, as appearing in 385 Mass. 1212 (1982), which included demands for payroll records, disbursement records, and receipts and invoices for materials purchased for the job in question. There followed the all too familiar period of inaction in which the subject of the discovery request made no effort to narrow the scope of the request for documents or produce any papers. On January 4, 1985, the defendants moved under Mass.R.Civ.P. 37(a), 365 Mass. 797 (1974), to compel production of documents. Two subsequent appearances by the parties before the same Superior Court judge resulted in orders for production of documents, the second of which required that certain documents be produced by noon, February 19, 1985. Defense counsel reported to the court after the noon deadline that he had received no additional documents. The judge, finding that his orders had not been complied with and noting that two extensions of time for delivery of the documents had already been granted by the court, ordered the action dismissed.

That turn of events prompted a change of counsel for the plaintiffs. On February 26, 1985, the plaintiffs moved to revoke the dismissal, urging the good faith of the plaintiffs, substantial compliance with the discovery request, illness of the person who was the principal source of information for the plaintiffs, and confusion of prior counsel. The judge held a hearing on the motion to revoke the dismissal and examined the submitted documents. On the basis of his review, the judge stood by his dismissal of the action.

Once again there was a change in counsel for the plaintiff, followed by a carefully supported motion for reconsideration of the denial of the motion

to revoke dismissal. New counsel pitched his argument almost entirely upon the neglect of the first lawyer for the plaintiffs and, indeed, there was much to criticize. Significantly, however, the motion for reconsideration was not accompanied by the material which the plaintiffs up to that time had failed to produce. Out of concern that he might have "shot a mouse with a cannon, or whether I got the right guy or not," the judge held another hearing. The materials which had been submitted up to that time the judge described as "a ragamuffin pile" not capable of proving a claimed $150,000 in construction costs. After the hearing, and consideration of affidavits and memoranda, the judge declined to vacate the sanction he had earlier imposed. Judgment ultimately entered dismissing the plaintiffs' complaint.

As we observed in *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, *supra* at 429-430, we are loath to interfere with orders arising out of the management of a case by the trial judge. As we review this record, the judge did not act precipitously. To be sure, the judgment is severe, but it followed only after several efforts to flush out documentary material fundamental to the proof of the case. If that material did not come forward, there was no point in letting the comedy go on. It is apparent from the record that the judge was willing to hear the parties and that he examined the materials that had been proffered. His ruling was provoked not by a mechanical violation of the discovery rule but by a persistent and substantive one. The error of the plaintiffs' argument that their failures to comply with discovery orders should be overlooked if not "wilful" is that it overlooks the amendment to rule 37(b)(2) which took effect on January 1, 1984. See *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, *supra* at 430-431.

*Judgment affirmed.*

*Michael S. Kraft* for the plaintiffs.
*Judy A. S. Metcalf* (*Nelson P. Lovins* with her) for the defendants.