Barrett, J.
This appeal comes to us under Mass. Dist./Mun. Cts. R. A. D. A., Rule 8C, challenging the decision of a trial judge who dismissed plaintiff’s action on the day of trial. Plaintiff-Appellant Leon Brooks (Brooks) brought the within action against Defendant-Appellee In Town Reservations, Inc. (In Town), claiming breach of a settlement agreement. The action was filed in November of 2002. The Case Management Conference (CMC) was held on May 30, 2003. At that conference, both parties and their respective counsel were present to discuss the case posture and accept assignment of a firm trial date.[2] On July 14, 2003, the scheduled date for trial, In Town’s counsel appeared and presented, without advance notice to the court, a joint motion to continue the trial to July 28, 2003. Neither Brooks nor his counsel appeared. The court denied the motion, dismissed Brooks’ action and entered judgment for In Town. Brooks appeals the dismissal claiming the judge abuse his discretion in not allowing the joint motion. We disagree and uphold the entry of judgment in defendant’s favor.
Whether or not a case should be continued or proceed to trial is left to the sound discretion of the judge. Beninati v. Beninati, 18 Mass. App. Ct. 529, 534 *73 (1984). In making his decision, a judge must give due weight to the interest of the judicial system in avoiding delays which would not measurably contribute to the resolution of a particular controversy. Commonwealth v. Cavanaugh, 371 Mass. 46, 51 (1977), quoting Commonwealth v. Gilchrist, 364 Mass. 272, 276-277 (1973). The fact that a motion to continue is agreed upon does not eliminate or diminish the judge’s role in deciding that motion.[3] If judges were required to allow joint motions to continue, there would be no need to present them. The rules, however, provide that a continuance request, even if assented to, must be presented to the judge and may only be granted for good cause. District Court Standing Order 1-98, VIII, A & C. Determining “good cause” is a judicial function requiring the exercise of judicial discretion. “Good cause” has been defined as the existence of unique or extraordinary circumstances. Lawrence v. Garabedien, 49 Mass. App. Ct. 157, 161 (2000). The question then is whether or not this judge abused his discretion when he found a lack of good cause to grant the requested continuance. Commonwealth v. Watkins, 375 Mass. 472, 490 (1978).
Judicial discretion is not abused unless it is exercised in an arbitrary, capricious or whimsical fashion. Berube v. McKesson Wine & Spirits Co., 7 Mass. App Ct. 426, 433 (1979), citing Davis v. Boston Elev. Ry., 235 Mass. 482, 496 (1920). The party claiming abuse has the burden of demonstrating that no conscientious judge acting intelligently with full knowledge of the circumstances would have made the same decision. Berube, supra, at 433-434. We will not reverse a judge’s decision “except upon a showing of a clear abuse of discretion.” Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). And while another judge may have come to a different conclusion, the standard for review here is not “substitute judgment,” Scannell, supra, at 160, but one of “marked deference” to this trial judge. Berube, supra, at 434; Cullen Enters., Inc. v. Massachusetts Prop. Inc. Underwriting Assn., 399 Mass. 886, 894 (1987). It is enough that this judge could have denied the motion to continue within the bounds of his discretion. Beyond that, our appellate inquiry will end. Scannell, supra, at 160. Deference to the trial judge is appropriate because he is best positioned to assess the merits of the motion and balance efficient case flow management with this litigant’s rights. Berube, supra, at 434. As a rule, trial continuances are disfavored because of the advance notice to, and the participation of counsel in, scheduling of the trial date. Standing Order No. 1-98, VIII, A.
Here, the court had set aside a date to hear the parties’ action. The parties had plenty of advance notice of that date and, in fact, had agreed upon it at the management conference. Given the court’s caseload and the scarcity of judicial resources, litigants cannot expect that even a joint decision not to proceed, presented on the day of trial, will be honored as a matter of right. The dismissal of this plaintiff’s action is akin to the entry of, or refusal to vacate, a default judgment and, as such, deals with case management which is committed to the sound discretion of the trial judge. Greenleaf v. Massachusetts Bay Transportation Authority, 29 Mass. App. Ct. 426, 429 (1986), citing Riley v. Davison Constr. Co., 381 Mass. 432, 441 (1980), and others. Appellate courts are generally loath to interfere with a trial judge’s order concerning case management. Maywood Builders Supply Company, Inc. & another v. Lester Kaplan & others, 22 Mass. App. Ct. 944, 945 (1986).
Brooks argues in its brief that the dearth of authority underscores the error committed by this judge. Yet it cites not one case in support of its position.[4] Reference is made to a docket notation which indicates the subject motion was in *74 “improper form.”[5] There is no notation by the judge on the motion itself to indicate what was meant by this entry or whether or not the motion being in improper form weighed heavily in his decision not to allow it. Standing Order No. 1-98, VIII, B does require that any motion for continuance be accompanied by an affidavit of counsel. No affidavit appears to have accompanied this request. The rules also require the attendance of all parties at trial, unless previously excused. Standing Order No. 1-98, VIII, D. Counsel for Brooks did not appear for trial, presumably in reliance upon his motion being granted. The reasons offered for the continuance are that the parties wished to narrow the issues for trial and potentially settle the case. But the narrowing of issues should have occurred at the CMC or a pretrial conference, if one had been requested. And without an affidavit or some other evidence supporting the progress or likelihood of settlement, this judge may well have decided that a continuance would not have fostered a resolution to this matter.
While another judge may have acted differently with respect to this request, that is not the test on appeal. This judge acted well within the bounds of his discretion. His decision denying the motion should not come as a total surprise where the applicable rules clearly dictate the manner by which a continuance should be requested and the reluctance of any court to grant such a request, even when presented properly and agreed upon.
The trial judge’s decision to dismiss plaintiff’s action and enter judgement for defendant is affirmed. Plaintiff’s appeal is dismissed.
So ordered.

 See District Court Standing Order No. 1-98, III, A & B ... requiring both parties and counsel be present at the CMC to discuss settlement, assess trial readiness and accept a firm trial date.

 See District Court Standing Order No. 1-98, VII, D ... requiring even agreed upon motions for continuance be presented to a judge.

 In Town did not file a brief. There was no oral argument by either party.

 The docket seems to indicate the motion being presented on the day of trial was another reason for denial.