Greco, P.J.
This garden-variety collection case brought by a bank to recover payment of a credit card debt has been litigated for almost three years by way of two separate complaints. Despite the fact that a judgment entered for Capital One Bank (“Bank”) by agreement in May of 2007, the Bank now comes before us on its appeal of the dismissal of its two complaints to recover payment for the same debt.
On May 12,2006, the Bank filed a complaint against Dianne Newhall (“Newhall”) seeldng to collect the balance due on a credit card it had issued. A year later, the Bank and Newhall entered into an agreement that judgment be entered for the Bank in the amount of the card balance ($7,026.19), plus costs. There was no award for prejudgment interest. A month later, Newhall filed a motion for relief from that judgment on the ground that a lien by the Bank remained on her property. In response to that motion, the trial court ruled that the agreement for judgment continued in effect, but that the agreement would “be vacated unless the [Bank] first takes the necessary action to remove the post judgment lien by August 1, 2007 obtained subsequent to the filing of the agreement.” In so ruling, the court noted that the “filing of the lien [was] contrary to the terms of the agreement” for judgment.
The record before us reflects action taken by the Bank to remove the lien. On July 20, 2007, the office of the Bank’s attorney sent a “Discharge of Seizure” to the Middlesex County Deputy Sheriff “to be signed ... so that it can be recorded at the. .. Middlesex County Registry of Deeds.” Three days later, counsel notified Newhall that “when [counsel] receive [d] the signed discharge from the sheriff’s office, [the office would] copy [her] on the documents that [it would] ultimately file with the registry for recording.” There was no activity in the case until February 25, 2008, when Newhall filed a motion to dismiss the complaint on the grounds that the lien *117 had not been removed by August 1,2007. This motion came before a judge who was not the judge who had dealt with the agreement for judgment and imposed the deadline for removal of the lien. The second judge gave the Bank thirty days to remove the lien.
On May 15, 2008, Newhall again asked that the complaint be dismissed. Before this request was acted on, the Bank filed a new complaint seeking to collect on the same debt (as reduced by payments made by Newhall in the interim). Both matters came before the second judge on October 20,2008. At that hearing, the Bank admitted that its earlier efforts to remove the lien had failed, but represented to the court that “the levy had been disposed of’ at the time the second judge had given the thirty-day extension. Judgments of dismissal, however, were entered on both cases on October 22, 2008, and this appeal by the Bank followed.
Both parties seem to frame the issue as whether the second judge abused his discretion in dismissing these cases because of the Bank’s failure to obey a court order. However, with respect to the original lawsuit, this was not a situation where a pending case was dismissed because the plaintiff disobeyed a court order. See, for example, Maywood Bldrs. Supply Co. v. Kaplan, 22 Mass. App. Ct. 944 (1986), affirming the dismissal of a case “provoked not by a mechanical violation of the discovery rule but by a persistent and substantive one.” Id. at 945. See also Keene v. Brigham & Women’s Hosp., Inc., 439 Mass. 223 (2003), in which the Supreme Judicial Court upheld the entry of a default judgment against a hospital “[djue to the defendant’s loss of the plaintiff’s medical records for the critical hours during which the alleged malpractice occurred,” thereby leaving the plaintiff “with virtually no evidence that could be presented to a jury” concerning important aspects of the case. Id. at 237. Such cases involved alleged wrongdoing by one party that compromised the opposing party’s ability to get a fair trial. The case at bar, however, had already gone to judgment, and that judgment was the product of an agreement between the parties.
“Agreements for judgment have long been recognized by both court rule and case law.... [They] ‘may be specifically enforced, and may be set up as an equitable defense in an action on the original claim.’” Massey v. Stop & Shop Cos., 1998 Mass. App. Div. 117, 118, quoting Peters v. Wallach, 366 Mass. 622, 628 (1975). Such an agreement “is a separate and valid contract whereby the parties make a ‘free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment.’” Kelton Corp. v. County of Worcester, 426 Mass. 355, 359-360 (1997), quoting United States Steel Corp. v. Fraternal Ass’n of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir. 1979). It is essentially a consent judgment that “determines the rights of the parties as to all matters within its scope.” Id. at 359. See Schillander v. Schillander, 307 Mass. 96 (1940), involving an agreement relative to a divorce action in which the Court stated that there is “no sound theory upon which it can be held that the court has jurisdiction to modify the terms of a valid existing contract which arose solely through the voluntary act of the parties.” Id. at 98.
In this case, Newhall was agreeing to pay the balance due to the Bank. In return, the Bank appears to have foregone prejudgment interest and was relinquishing the security afforded by the lien. Newhall now claims that the Bank did not fulfill its end of the bargain by failing to remove the lien. Her options were to bring an action to enforce the agreement, or to seek relief from the judgment. She could have sought such relief by bringing a motion under Mass. R. Civ. P., Rule 60(b) (5) on the grounds *118 that “it is no longer equitable that the judgment should have prospective application,” or Rule 60(b)(6) on the grounds that there is some “other reason justifying relief from the operation of the judgment.” See Thibbitts v. Crowley, 405 Mass. 222, 226 (1989).[1] See also Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764 (2006), which noted that relief from judgment entered pursuant to an offer of judgment under Mass. R. Civ. P., Rule 68 may be available under Rule 60(b). Id. at 774-775. At a hearing on such a motion, the court could hear the parties with respect to the efforts of the Bank to remove the lien and any prejudice to Newhall by its failure to do so including, for example, her difficulties in selling her house. As expressly contemplated by the first judge, if the Rule 60(b) motion had been allowed, Newhall would be relieved from the judgment. The case, however, would not be dismissed; it would proceed to trial. The result of the dismissal is that Newhall does not have to pay approximately $6,000.00 that she agreed she owed. Moreover, there was never any adjudication concerning the Bank’s efforts to fulfill its obligation under the agreement for judgment or the extent Newhall was prejudiced. Accordingly, it was error to dismiss the original case brought in 2006 by the Bank.
On the other hand, there was no error in the dismissal of the second case. The Bank’s second complaint had not gone to judgment. While it is unclear whether the Bank had violated the second judge’s order to remove the lien, there were other bases justifying dismissal. The complaint, which purports to be “a suit upon a judgment of dismissal without prejudice,” failed to state a claim upon which relief could be granted. See Mass. R. Civ. P., Rule 12(b) (6). More fundamentally, the second case could have been deemed duplicative of the earlier case, which has now been revived.
The judgment of dismissal in case No. 0650-CV-1353 is vacated, and the original judgment for the plaintiff, Capital One Bank, stands.
The judgment of dismissal in case No. 0850-CV-1087 is affirmed.
So ordered.

 In fact, the docket entries on the original case indicate that Newhall did bring “a motion for relief from judgment and to supersede execution” on June 8,2007. A hearing on that motion was scheduled for June 25, 2007 and then rescheduled to July 17, 2007, on which date the first judge issued the order referred to above. The case then lay dormant until Newhall filed a motion to dismiss on February 25, 2008 instead of renewing her motion to vacate the judgment. It was at this point that the matter came before the second judge, who ultimately dismissed both cases on October 22, 2008.