NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-952

JOSE L. MARTINEZ

vs.

ERICH REINBOLZ & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court judge (motion judge) dismissed the plaintiff's negligence complaint as a sanction for his failure to comply with a court order to sit for a deposition. Acting pro se, the plaintiff appeals. We affirm.

Background. The complaint, filed in July of 2017, sought damages for injuries sustained by the plaintiff in a collision caused by Erich Reinbolz while Reinbolz was operating a vehicle owned by Fitchburg Surfside Pool, Inc. On May 16, 2018, the plaintiff sat for a deposition, which was not completed that day. By October 28, 2020, the deposition still was not complete, and the plaintiff's attorney had withdrawn. At a hearing on that date, defense counsel explained that at least

_____

[1] Fitchburg Surfside Pool, Inc.

five times before the plaintiff's attorney withdrew, the defendants noticed a deposition on a date agreed upon by the attorneys, but the plaintiff canceled it at the last minute. At the end of the hearing, the plaintiff was ordered, and agreed, to sit for a deposition on January 21, 2021.

That date was postponed, once by agreement and then twice by orders of different judges, with the last such order, dated March 8, 2021,[2] compelling the plaintiff to sit for a deposition no later than May 31. The defendants noticed the plaintiff's deposition for May 20. The plaintiff filed an opposition to the deposition notice; on May 10, after a hearing, a judge denied the opposition and ordered: "Deposition to take place as scheduled" (deposition order). Two days later, the defendants sent the plaintiff an email confirming the time of the May 20 virtual deposition. On May 14, the plaintiff responded by email and attached a copy of a notice of appeal from the deposition order, which the plaintiff had filed earlier that day. On May 19, the clerk sent notice of the May 10 docket entry containing the deposition order and the court reporter emailed the parties an invitation to the virtual deposition. On May 20, the plaintiff did not appear for the deposition. On May 21, the plaintiff received the May 19 notice of docket entry.

---

[2] All dates hereinafter refer to the year 2021.

The defendants filed a motion to dismiss the complaint for the plaintiff's failure to comply with the deposition order. The motion was allowed after a hearing at which the plaintiff appeared to maintain that he was not required to appear on May 20 because he filed a notice of appeal from the deposition order on May 14, but at the same time claimed he did not know about the deposition order on May 20 because he did not receive notice of the docket entry until May 21. The plaintiff's appeal from the deposition order was never entered in this court.

Discussion. Trial judges may dismiss a case as a sanction for a party's refusal to attend their own deposition or comply with court orders "when justified by a party's extreme conduct." Sommer v. Maharaj, 451 Mass. 615, 621 (2008), cert. denied, 556 U.S. 1235 (2009). See Mass. R. Civ. P. 37 (b) (1), as appearing in 423 Mass. 1406 (1996); Mass. R. Civ. P. 37 (d), 365 Mass. 797 (1974); Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974). Recognizing that dismissal is a "severe sanction," Litton Business Tel. Sys., Inc. v. Schwartz, 13 Mass. App. Ct. 113, 114 (1982), but mindful that "we are loath to interfere with orders arising out of the management of a case by the trial judge," Maywood Bldrs. Supply Co. v. Kaplan, 22 Mass. App. Ct. 944, 945 (1986), we review the motion judge's decision to dismiss the case for an abuse of discretion. Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 131-132 (2002).

An abuse of discretion consists of a clear error of judgment in weighing the factors relevant to a decision, such that the decision falls outside the range of reasonable alternatives.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  The factors relevant to the motion judge's decision "include[d] the relative clarity with which it appear[ed] that the judgment [of dismissal would be] unjust, the relative fault of parties, and the balance to be struck" between, "on one hand, a concern about giving parties their day in court, and, on the other, not so blunting the rules that they may be ignored with impunity" (quotation omitted).  Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429-430 (1986) (discussing factors relevant to review of sanctions for discovery violations).

The motion judge reasoned as follows:

"As of today, three separate judges have ordered the plaintiff to attend his deposition.  He has not done so.  Rather, he has filed what this court deems to be frivolous appeals of the orders.  The [Appeals Court] has not stayed any order.

"The Massachusetts Supreme Judicial Court has recognized the '. . . sanctions provided by rule 37 are designed not only to compel compliance with discovery requests; they also act as a deterrent to unwarranted evasions of discovery.'  Corsetti v. Stone Co., 396 Mass. 1, 26 (1985).  Here, [the plaintiff] has willingly and knowingly evaded discovery and ignored court orders.  While it is unfortunate that the plaintiff's energies have focused on thwarting the process of getting the case ready for trial on what could be a meritorious claim, the plaintiff's obstructionist conduct warrants dismissal of his case."

4

We see no flaw in this reasoning, which demonstrates that the motion judge considered the appropriate factors. Her decision is not outside the range of reasonable alternatives. Plainly the plaintiff timely knew of the deposition order requiring him to appear on May 20, because he purported to appeal from it on May 14. That his receipt of the notice of docket entry was delayed until May 21 did not justify noncompliance.

Moreover, even putting aside that a party has no right to appeal from an interlocutory discovery order, Patel v. Martin, 481 Mass. 29, 34 (2018), the plaintiff's mere filing of a notice of appeal from the deposition order here did not relieve him of the obligation to comply with that order. Cf. G. L. c. 231, § 118 (filing of petition for single justice review of nonfinal trial court order "shall not suspend the execution of the order . . . except as otherwise ordered by a single justice of the appellate court"); Mass. R. Civ. P. 62, as amended, 423 Mass. 1409 (1996) (providing, generally, that appeal from judgment stays issuance of execution upon judgment, but appeal from injunctive order does not stay order).

By the time of the hearing before the motion judge, the plaintiff had four years to complete discovery so he could have his day in court. Rather than submit to a deposition in his own

lawsuit, however, the plaintiff "persistent[ly] and substantive[ly]" refused to provide the defendants with information to which they were entitled. Maywood Bldrs. Supply Co., 22 Mass. App. Ct. at 945. See Mass. R. Civ. P. 30 (a), 365 Mass. 780 (1974).[3] Such conduct is not excused because the plaintiff is pro se. "Despite their lack of legal training, pro se litigants are held to the same standards as practicing members of the bar." Commonwealth v. Jackson, 419 Mass. 716, 719 (1995).[4] Even if a lesser sanction than dismissal could have been devised, "it is not our province to substitute our judgment

---

[3] Rule 30 was amended after the events in this case; a party's right to depose another party is now found at Mass. R. Civ. P. 30 (a) (1), as appearing in 489 Mass. 1401 (2022).

[4] Pro se litigants are also bound by the principle that claims not made in the trial court may not be raised for the first time on appeal. See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983). Therefore, we do not address numerous issues we understand the plaintiff to be raising in his brief, including: (1) denial of an unidentified motion to reconsider; (2) statements in an expert report; (3) claims of fraud on the court, fraudulent conveyance, and perjury; (4) claims under G. L. c. 93A and G. L. c. 176D; (5) claims of the plaintiff's family members and business; and (6) a counterclaim for $500 million in damages.

for that of the judge."  Short v. Marinas USA Ltd. Partnership,
78 Mass. App. Ct. 848, 853 (2011).

                          Judgment affirmed.

                          By the Court (Massing, Sacks
                            & Walsh, JJ.[5]),

                          *Joseph F. Stanton*

                          Clerk

Entered:  February 8, 2023.

---

[5] The panelists are listed in order of seniority.