NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1056

DANA M. CHILES, trustee,[1]

vs.

THOMAS W. LITTAUER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The trustee, Dana M. Chiles, appeals from a Superior Court judgment dismissing his first amended complaint (complaint), both for lack of prosecution and as a sanction for what a judge (first motion judge) concluded was a willful failure to provide discovery.  The defendant, Thomas W. Littauer, cross-appeals from a second motion judge's order allowing the trustee's motion for leave to file his notice of appeal late.  Seeing no abuse of discretion in the latter order, we conclude that the appeal is properly before us.  We are constrained to conclude, however, that the first motion judge abused his discretion in dismissing the complaint.  We therefore vacate the judgment of dismissal.

---

[1] Of the Brabern Realty Trust.

Background.  The trustee's 2016 complaint asserted a claim for wrongful foreclosure on a property where he operated a horse stable business.  The complaint included related claims for damages based on theories such as defamation, fraud, G. L. c. 93A, and interference with business relationships.  Littauer deposed the trustee and served requests for production of documents.  In response, the trustee produced a few photographs but asserted that he did not possess any more responsive documents.  After Littauer filed a motion to compel, a judge[2] ruled in 2018 that the trustee must produce responsive documents within four weeks or else be precluded from introducing them at the trial set for later that year.  The trustee produced no more documents.

After postponements of trial and further motion practice, another judge ruled in 2019 that, because of the trustee's "failure to produce documents after repeated offers and requests, the [trustee] is precluded from entering any documents at trial (with the exception of photographs he has produced) that support any and all claims for damages."

After the trial was further delayed, a judge entered partial summary judgment concluding that Littauer had wrongfully

---

[2] With the exception of the two motion judges whose rulings are directly at issue on appeal, we do not differentiate between the many judges who ruled on motions during the long history of this case.

foreclosed on the property the trustee claimed to own.  The trustee continued to pursue his damages claims.

In June 2022, Littauer, asserting that the trustee still had not produced any more documents, moved in limine to preclude the trustee from introducing any documents at the impending trial.  In November 2022, when the trustee's then-counsel was experiencing medical issues, a judge ordered the trustee either to ensure then-counsel was ready for trial in March 2023 or to have a successor file a notice of appearance by February 1, 2023, and be prepared for trial in March 2023.  Then-counsel moved to withdraw, but the trustee failed to have new counsel file a notice of appearance by February 1.

In response, on March 20, 2023, a judge allowed then-counsel to withdraw and ordered the trustee to have new counsel appear, and "to file any opposition" to Littauer's still-pending motion in limine, by April 28, 2023.  The judge's order stated, "If there has been no notice of appearance filed by successor counsel on or before April 28, 2023, and/or no opposition to the motion in limine, this matter shall be dismissed for lack of prosecution."  The judge ordered the trustee not to treat this warning "with the same indifference" as the trustee had displayed in response to the November 2022 order.

New counsel for the trustee filed his appearance by the April 28, 2023 deadline, but he did not file a response to the

3

motion in limine until a week later, on May 5, 2023. In the response, the trustee asserted that counsel had read the March 20, 2023 order and concluded that he need not file an opposition to the motion in limine, for two reasons. First, he viewed the motion as moot, because two previous judges had already precluded the trustee from offering documents at trial if not produced in discovery. Second, he asserted that no further documents were necessary to prove the trustee's damages; the trustee would do so based on trial testimony.

Littauer then filed a reply memorandum in which he asserted three grounds to dismiss the trustee's remaining claims. These were, first, that the trustee's failure to file an opposition to the motion in limine was a violation of the March 20, 2023 order, which had warned that noncompliance would lead to dismissal for lack of prosecution. Second, dismissal was warranted as a discovery sanction, for failure to comply with prior orders to produce documents. Third, the trustee could not prove damages by relying only on witness testimony, and therefore a trial would be a waste of judicial resources.

After a hearing, the first motion judge ordered the trustee's remaining claims dismissed, both for lack of prosecution and as a sanction for what the judge termed the trustee's "willful failure to provide discovery and comply with

4

court orders."  On May 18, 2023, a judgment entered dismissing the complaint in its entirety.[3]

The trustee then prepared a notice of appeal, which was dated May 31, 2023, and to which he attached a certificate of electronic service bearing the same date.  But, the Superior Court clerk's office did not receive the notice of appeal by the applicable deadline, June 19, 2023.  Learning of this, the trustee filed a motion for leave to file a late notice of appeal, asserting that the delay was the result of excusable neglect within the meaning of Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019).  Specifically, counsel asserted that "due to some computer glitch the notice of appeal got sent to his [d]rafts folder on [the court's electronic filing website] instead of being timely filed."  A second motion judge allowed the motion, and the trustee filed his notice of appeal on July 6, 2023.

Littauer then cross-appealed from the order allowing the motion and also sought reconsideration, asserting that the trustee had failed to show excusable neglect.  The trustee opposed reconsideration and filed an affidavit of counsel further explaining his belief that the late filing resulted from

---

[3] Because we vacate the judgment in any event, we need not address whether its scope was erroneously broader than that of the order of dismissal.

an error in the electronic filing system rather than his own negligence.  The second motion judge denied reconsideration.

Discussion.  1.  Trustee's late notice of appeal.  To determine whether the trustee's appeal is properly before us, we must turn first to Littauer's cross appeal.  Littauer argues that the second motion judge abused his discretion in allowing the trustee to file a late notice of appeal.  See Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019) (on showing of excusable neglect, trial court may extend time for filing notice of appeal for period not to exceed thirty days from original deadline); Adoption of Patty, 489 Mass. 630, 636 n.9 (2022) (judge's decision under rule 4 (c) reviewable for abuse of discretion).  The excusable neglect standard looks to "circumstances that are unique or extraordinary" and is not extended "to cover any kind of garden-variety oversight" (citations and quotations omitted).  Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989).  An abuse of discretion is a "clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted).

We see no abuse of discretion here.  The second motion judge reasonably could have credited the trustee's counsel's

6

assertions that he attempted to file the notice of appeal on May 31, 2023, which would have been timely. Counsel asserted that, as he discovered only later, the filing remained in the "[d]rafts" folder of his electronic filing system account -- a problem he had never experienced before. These assertions were supported by the dates on the notice of appeal and certificate of service, by counsel's later affidavit, and by the undisputed fact that counsel ordered transcripts for the appeal that same day, May 31, 2023.

That counsel did not initially support his motion with an affidavit was not fatal. Counsel's later-filed affidavit explained that he had filed the motion, inferably in haste, on the same day as he learned that the clerk had not received his notice of appeal. Although, as Littauer argues, counsel apparently failed to realize that he had not received a filing confirmation e-mail on the day he believed he had filed the notice of appeal, counsel explained he had received two other filing confirmations that same day, related to this same case, and may have confused them with the confirmation relating to the notice of appeal.

Littauer also points to another court's decision, on quite different facts, that failure to note the absence of a filing confirmation email was inconsistent with excusable neglect. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 329 (3d Cir.

7

2012). But that does not establish any abuse of discretion here. Cf. L.L., 470 Mass. at 185 n.27 (decision not abuse of discretion simply because reviewing court would have reached different result). Rule 4 (c) does not require that the late-filing party be completely blameless, but only that any neglect be excusable. The second motion judge did not abuse his discretion in concluding that the standard was met here. The trustee's appeal is thus properly before us.

2. Dismissal for lack of prosecution. "On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Mass. R. Civ. P. 41 (b) (2), 365 Mass. 804 (1974). The trustee argues that the first motion judge abused his discretion in dismissing the trustee's remaining claims for failure to prosecute. See Monahan v. Washburn, 400 Mass. 126, 128 (1987) (dismissal for lack of prosecution reviewed for abuse of discretion). Specifically, the trustee asserts that it was an abuse of discretion for the judge to rely on the trustee's failure to file an opposition to Littauer's motion in limine by April 28, 2023, because the order setting that deadline was unclear. Although the first motion judge was understandably concerned that the case was still unresolved "more than five years past the originally scheduled trial date," we agree with the trustee

8

that dismissal for lack of prosecution was improper in these circumstances.[4]

A dismissal for lack of prosecution "is a drastic sanction which should be utilized only in extreme situations." Monahan, 400 Mass. at 128. "As a minimal requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the movant would incur if the motion were denied, and whether there are more suitable, alternative penalties." Id. at 128-129.

Here, the order setting the deadline contained two imprecise phrases regarding the filing of an opposition, such that the trustee's failure to file one was not "convincing evidence of unreasonable conduct or delay." Monahan, 400 Mass. at 128. First, the order required the trustee "to file any opposition" to the motion by April 28, 2023. The phrase "any opposition" clearly implies that there may be no opposition at all. A party is not ordinarily required to oppose a motion and may reasonably choose not to do so if, for example, the party is

_____

[4] We focus on the specific conduct -- failure to file an opposition to the motion in limine -- that the first motion judge considered as the basis for dismissal for lack of prosecution. Whether the trustee in fact engaged in any unreasonable conduct or delay earlier in the case, or for that matter violated "any order of court" earlier in the case that might have warranted dismissal for lack of prosecution, see rule 41 (b) (2), is not before us.

indifferent to whether the motion is allowed.  Here, if the judge who issued the order setting the deadline meant to require the trustee to file a statement of his position on the motion (whatever it might be), then an order to file "any opposition" by a certain date was not a clear way to do so.

Second, the order setting the deadline stated, "If there has been no notice of appearance filed by successor counsel on or before April 28, 2023, and/or no opposition to the motion in limine, this matter shall be dismissed for lack of prosecution." The term "and/or" is a "vague expression," and its use may "make[] it impossible to discover" the meaning of the sentence in which it is used.  Hanson v. Bradley, 298 Mass. 371, 378 (1937).  "[T]he use of the phrase 'and/or' creates ambiguity." Matter of the Colecchia Family Irrevocable Trust, 100 Mass. App. Ct. 504, 514 (2021).  Here, the trustee reasonably could have understood, as he asserted he did, that to avoid a dismissal for lack of prosecution, it was sufficient for counsel to file a notice of appearance by the deadline; he need not also file an opposition to the motion in limine.

Further, the failure to file an opposition caused no unreasonable delay, where the first motion judge could simply have allowed the motion in limine once the opposition deadline passed.  And once the trustee did file what he styled an "opposition," one week after the April 28, 2023 deadline, his

10

position was that the motion was moot because "the precise relief" it sought had already been granted by two earlier orders.  Regardless whether that assessment was correct,[5] the trustee's filing still left the judge with the option to allow the motion in limine and proceed to trial, based on the trustee's representation that he stood "ready to try [the] case as scheduled" and would rely on oral testimony to attempt to prove his damages.

Because "convincing evidence of unreasonable conduct or delay" is the "minimal requirement" for a dismissal for lack of prosecution, Monahan, 400 Mass. at 128, but is absent here, we need not consider the remaining factors at any length.  It is enough to say, regarding "the prejudice that the movant would incur if the motion [to dismiss] were denied," id., that the unfair prejudice Littauer faced from the trustee's failure to oppose the motion in limine (or his one week delay in opposing it) was virtually nonexistent.  Littauer had already obtained orders barring the trustee from introducing at trial any

_____

[5] The two prior orders differed in scope, but each appeared to leave room for the trustee to introduce some documents at trial.  Littauer's motion in limine, however, sought to preclude the trustee from introducing any documents whatsoever at trial. The trustee, while professing to believe that that relief had already been granted, maintained in his opposition that he could still "introduce documents filed or obtained via subpoena, and record documents."  We need not address that issue.  For purposes of this appeal, we assume that the trustee's only evidence of damages was and is witness testimony.

documents bearing on damages that had not already been produced. The absence of an opposition from the trustee in no way delayed the first motion judge from allowing the motion in limine, to whatever extent it was not moot. And the "more suitable, alternative penalt[y]" for the trustee's failure to file an opposition to Littauer's motion in limine, id. at 129, would have been merely to allow the motion. We conclude that the dismissal for lack of prosecution was an abuse of discretion.

3. Dismissal as a discovery sanction. Where "a party fails to obey an order to provide or permit discovery," a judge may impose sanctions up to and including "dismissing the action." Mass. R. Civ. P. 37 (b) (2) (C), as amended, 390 Mass. 1208 (1984). Such dismissal is an "extreme sanction," which generally must be "predicated on a finding of wilfulness or bad faith." Keene v. Brigham & Women's Hosp., Inc., 439 Mass. 223, 236 (2003). Here, the first motion judge concluded that the trustee's failure to "provide[] any documentary evidence supporting his claims" was a "willful failure to provide discovery" that warranted dismissal.[6] Reviewing the order for abuse of discretion, see Solimene v. B. Grauel & Co., 399 Mass.

_____

[6] To whatever extent the judge may have viewed the failure to file any opposition to the motion in limine by April 28, 2023, as another discovery violation, dismissal on that basis was an abuse of discretion, for the reasons already explained and also because the order to file an opposition was not "an order to provide or permit discovery." Rule 37 (b) (2) (C).

12

790, 799 (1987), we are again constrained to conclude that dismissal was not warranted.

The trustee consistently asserted that he had produced all responsive documents in his possession, custody, or control; he claimed that other documents had been lost when a separate property owned by the trustee was foreclosed upon. The trustee argued that he "can't produce documents he doesn't have." Littauer did not challenge this assertion as untrue,[7] nor did any of the judges who ruled on earlier motions to compel find it to be untrue. Rather, Littauer sought, and obtained, orders precluding the trustee from relying at trial on any documents not produced by a particular date, or on any documents that supported the trustee's damages claims. Littauer told one judge that this preclusive remedy was "very fair."

As the court stated in Keene, "[r]equests for discovery pursuant to Mass. R. Civ. P. 34 (a), 365 Mass. 792 (1974), require production of documents that 'are in the possession, custody or control of the party upon whom the request is served.'" Keene, 439 Mass. at 233. Accordingly, "rule 34 (a) does not demand production of documents that 'were in' or that

---

[7] Littauer makes this claim for the first time in his appellate brief, but he cites no evidence for his assertion. Notably, at the trustee's 2018 deposition, Littauer failed to question the trustee about his damages, let alone whether he had documents to prove those damages.

13

'should have been kept in' the party's possession.  Put simply, there can be no discovery violation, and hence no rule 37 sanction, when a party fails to produce documents it does not possess," id., or that are not in its custody or control.

Absent a finding that the trustee had responsive documents in his possession, custody, or control that he had failed to produce, there was no basis to find a violation of a discovery order, let alone the willful violation that would be required to justify dismissal.  The Supreme Judicial Court has said that such a finding, whether explicit or implicit, is necessary and must be supportable:

> "Since due process requirements may limit the sanction of dismissal, where there is an inability to comply, we conclude that it is necessary for an appellate court to know if the judge's action was predicated on a finding of wilfulness, bad faith, or fault, unless it is clear that such a determination was implicit and warranted" (emphasis added; footnote omitted).

Gos v. Brownstein, 403 Mass. 252, 257 (1988).  To whatever extent the judge's reference to the trustee's "willful failure to provide discovery" included an implicit finding that the trustee possessed responsive documents, Littauer has pointed to no evidence in the record supporting such a finding.  See DiGiovanni v. Board of Appeals of Rockport, 19 Mass. App. Ct. 339, 343 (1985) (finding clearly erroneous when there is no evidence to support it).  Because there was no supportable

14

finding of a discovery violation, dismissal as a discovery sanction was an abuse of discretion.

Littauer's reliance on Maywood Bldrs. Supply Co. v. Kaplan, 22 Mass. App. Ct. 944 (1986) is misplaced. There, this court affirmed dismissal of an action as a sanction for "a pattern of persistent failure to comply with discovery orders." Id. at 944. The court acknowledged that the sanction was "severe, but it followed only after several efforts to flush out documentary material fundamental to the proof of the case. If that material did not come forward, there was no point in letting the comedy go on." Id. at 945. The court rejected the plaintiffs' argument that dismissal was inappropriate without a finding that the violations were willful. Id. Two years later, however, the Supreme Judicial Court held the contrary. See Gos, 403 Mass. at 257 (dismissal as discovery sanction inappropriate absent finding of willfulness, bad faith, or fault). Maywood Bldrs. Supply Co. is thus no longer authoritative.

Littauer is also mistaken in suggesting that we affirm the judgment of dismissal on the alternate ground relied on in Keene, 439 Mass. at 237. There, the court recognized that a party's failure to produce documents may give rise to an inference that the documents would have contained proof adverse to that party's case, sufficient to support ruling against that party on liability as a matter of law. See id. But Keene was

15

an "exceptional" case, id., in which, among other distinguishing circumstances, a trial court judge found that the defendant hospital's failure to preserve medical records, as required by statute, constituted spoliation; was the result of "at least negligence"; and was an actionable form of medical malpractice. Id. at 234-236. No comparable finding of fault was made here. Whether such a finding could have been made, or could still be made, is not before us.[8]

4. Dismissal for lack of evidence. Finally, Littauer asks us to affirm on the alternate ground that as a matter of law, without the documents Littauer requested in discovery, the trustee cannot prove any damages, and thus his remaining claims should be dismissed without a trial. No doubt, "[w]hile it is

---

[8] We do not mean to suggest that either the judge or Littauer was required to accept the trustee's representation that no documents regarding his damages claim were within his possession, custody, or control. Indeed, in the joint pretrial memorandum dated November 12, 2021, the trustee asserted that his damages were based upon, among other things, lost profits and customer good will, in a precise amount of $449,652.15. Yet the trustee claimed below, and continues to claim, that he has no documents in his possession, custody, or control that bear on the questions, for example, of what his profits were for the business, including his revenues and expenses, or, what customers he once had but allegedly lost.

However implausible the trustee's representations, the problem with the record before us is that there was essentially no further discovery or testimony on what documents existed other than the request for documents, and thus there were no facts established from which the judge could find that documents had been willfully withheld.

16

true that a plaintiff need not prove damages with mathematical certainty, 'damages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty.'" Kitner v. CTW Transp., Inc., 53 Mass. App. Ct. 741, 748 (2002), quoting Lowrie v. Castle, 225 Mass. 37, 51 (1916). But the cases Littauer relies upon do not establish any broad rule that damages cannot be proven without documents.[9] The trustee's testimony would have to be sufficiently concrete to establish damages with reasonable certainty, but the lack of documents is not an absolute bar to recovery.

Although we may affirm "on any ground supported by the record," Clair v. Clair, 464 Mass. 205, 214 (2013), quoting Gabbidon v. King, 414 Mass. 685, 686 (1993), here the record is not sufficient to conclude as a matter of law that the trustee cannot prove any damages. Littauer did not depose the trustee as to what his testimony would be as to damages. See note 7, supra. Littauer could have moved for summary judgment, but did not, on the ground that the trustee had no reasonable expectation of proving damages, an essential element of his case. See Kourouvacilis v. General Motors Corp., 410 Mass. 706,

_____

[9] Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 635-636 (1963); Quarterman v. Springfield, 91 Mass. App. Ct. 254, 261-262, cert. denied, 583 U.S. 1013 (2017); Tech Plus, Inc. v. Ansel, 59 Mass. App. Ct. 12, 17-21 (2003).

17

716 (1991).  The trustee then would have been required to put forward "such facts as would be admissible in evidence," Mass. R. Civ. P. 56 (e), 365 Mass. 824, 825 (1974) -- without documents, per the prior orders -- and argue that those adduced facts were sufficient to support a damages claim under the law. Whether such a summary judgment motion would have succeeded, or could succeed if on remand a judge allowed it to be filed, are questions not before us.

Conclusion.  We affirm the order granting leave to file a late notice of appeal.  The judgment is vacated, and the case is remanded for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Sacks, Englander & Grant, JJ.[10]),

Clerk

Entered:  November 4, 2024.

---

[10] The panelists are listed in order of seniority.

18